UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE YASMIN AND YAZ ) <br> (DROSPIRENONE) MARKETING, SALES ) <br> PRACTICES AND PRODUCTS LIABILITY ) <br> LITIGATION ) <br> ) | 3:09-md-02100-DRH-CJP <br><br> MDL No. 2100 |

**This Document Relates to:**

**ALL CASES**

## INITIAL CONFERENCE ORDER

**HERNDON, Chief Judge:**

It appearing that the cases assigned to MDL No. 2100, *In Re Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, merit special attention as complex litigation, the Court **ORDERS**:

1. **Applicability of Order**. Prior to the initial pretrial conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Judicial Panel on Multi District Litigation ("JPMDL") pursuant to its order of October 1, 2009. This Order also applies to all related cases filed in the Southern District of Illinois and will also apply to any "tag-along actions" later filed in, removed to, or transferred to this Court.

2. **Consolidation**. The civil actions assigned to MDL No. 2100 are consolidated for pretrial purposes. Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Southern District of Illinois, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3. **Initial Conference**. All necessary counsel shall appear for a conference with the undersigned on November 19, 2009 at 1:00 p.m. in Room 7of the United States Courthouse for the Southern District of Illinois.

    (a)  **Attendance**. To minimize costs and facilitate a manageable conference, parties are not required to attend the conference, and parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service.

    (b)  **Service List**. This Order is being emailed to the persons shown on the attached service list, which has been prepared from the Panel Service List issued by the JPML, the list of Involved Counsel issued by the JPML in connection with Conditional Transfer Order No. 1, and the list of counsel joining Plaintiffs' motions regarding MDL liaison counsel. Counsel on this list are requested to forward a copy of the Order to other attorneys who should be notified of the conference. A corrected service list will be prepared after the conference.

    (c)  **Other Participants**. Persons who are not named as parties in this litigation, but may later be joined as parties or are parties in related litigation pending in other federal and state courts, are invited to attend in person or by counsel.

4. **Preparations for Conference**.

    (a)  **Procedures for Complex Litigation**. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation. The items listed in the MCL 4th Sections 22.6, 22.61, 22.62 and 22.63 shall, to the extent applicable, constitute a tentative agenda for the conference.

(b) **Position Statement**.  Plaintiffs and Defendants shall submit to the Court by November 9, 2009 a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues.  These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings.  The parties' statements shall list all pending motions, as well as related cases pending in state or federal court, together with their current status, including any discovery taken to date, to the extent known.  The parties shall be limited to one such submission for all Plaintiffs and one such submission for all Defendants.

(c) **Rule 7.1 Disclosures**.  To assist the Court in identifying any problems of recusal or disqualification, counsel will submit to the Court by November 9, 2009, disclosures that comply with Federal Rule of Civil Procedure 7.1.

(d) **Meeting of Counsel.**  Counsel for the parties shall meet to discuss the following:

(i)   issues relating to timetables for dispositive motions;

(ii)   issues relating to preservation of discoverable information;

(iii)   issues relating to privileges that could arise, including ex parte contact between Defendants and medical providers for Plaintiffs, Defendants' claims of trade secrets, and any others that are likely to arise;

(iv)   issues relating to limits on discovery, such as limits on interrogatory numbers, limits on duration and number of depositions;

(v)   time frame for discovery - completion of document production, interrogatory exchange, depositions;

(vi)   time frame for expert witness designation and deposing;

(vii)   other Fed.R.Civ.P. 16 and 26(f) topics not addressed above.

>    The Court anticipates a unified case management plan to result from the meeting of counsel, agreed upon by all counsel. To the extent that there is any disagreement, the details of the disagreement outlining each position of those who disagree must be set out in the joint case management plan for the Court to examine in order to make an informed decision about how best to proceed.
>
> (e) **List of Related Cases**. Counsel shall file a statement listing all known related cases pending in state or federal court.

5. **Interim Measures**. Until otherwise ordered by the Court:

>   (a) **Admission of Counsel**. Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation. Association of local co-counsel is not required.
>
>   (b) **Pleadings**. Each Defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.
>
>   (c) **Pending and New Discovery**. Pending the conference, all outstanding disclosure and discovery proceedings are stayed and no further discovery shall be initiated. This Order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures, responding to an outstanding discovery request under Federal Rule of Civil Procedure 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.
>
>   (d) **Motions**. No motion shall be filed under Rule 11, 12 or 56 without leave of Court and unless it includes a certificate that the movant has conferred with opposing counsel in a good-faith effort to resolve the matter without Court action.

(e) **Orders of Transferor Courts**.  All orders by transferor courts imposing dates for pleading or discovery are vacated.

(f) **Master Docket File**.  Any pleadings or document which is to be filed in any of these actions shall be filed with the Clerk of this Court and not in the transferor court.  The Clerk of this Court will maintain a master docket case file under the style "*In Re Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*" and the identification "MDL No. 2100".  When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases."  When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to".

(g) **Filing**.  All documents filed in this Court, subsequent to those initiating a new case, must be filed electronically pursuant to this Court's E-Filing Rules and the CM/ECF User's Manual.  Attorneys may register for electronic filing at http://www.ilsd.uscourts.gov/cmecf_regform.html.

(h) **Docketing**.  When an action properly belongs as a part of *In Re Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation* is hereinafter filed in the Southern District of Illinois or transferred here from another court, the Clerk of the Court shall:

   (i) file a copy of this Order in the separate file for such action;

   (ii) make an appropriate entry on the master docket sheet;

   (iii) forward to the attorneys for the Plaintiff in the newly filed or transferred case a copy of this Order;

   (iv) upon the first appearance of any new Defendant, forward to the attorneys for the Defendant in such newly filed or transferred case a copy of this Order.

(i) **Communications with the Court**.  Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel.

>Nevertheless, the Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between Plaintiffs' counsel and among and between Defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any Plaintiff by any Defendant or against any Defendant by any Plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

6. **Applications for Lead and Liaison counsel Appointments**. The Court intends to appoint Plaintiffs' lead counsel and/or a Plaintiffs' steering committee, as well as Plaintiffs' liaison counsel. Applications for these positions must be filed with the Clerk's office on or before November 9, 2009. The Court will only consider attorneys who have filed a civil action in this litigation. The main criteria for these appointments are (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. Agreement among Plaintiffs' counsel for these positions will be given due consideration.

**Dated: October 23, 2009**          /s/     *David R Herndon*
                                     **CHIEF JUDGE**
                                     **UNITED STATES DISTRICT COURT**

Printed on 10/01/2009

# Judicial Panel on Multidistrict Litigation - Panel Service List
## for
## MDL 2100 - IN RE: Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and

*** Report Key and Title Page ***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
   * Signifies that an appearance was made on behalf of the party by the representing attorney.
   # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
   All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**
   Docket: 2100 - Yasmin and Yaz (Drospirenone) Marketing, SP & PL
   For Open Cases

**Judicial Panel on Multidistrict Litigation - Panel Service List**  Page 1

Docket: 2100 - IN RE: Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation
Status: Transferred on 10/01/2009
Transferee District: ILS    Judge: Herndon, David R.    Printed on 10/01/2009

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Abaray, Janet G.<br>BURG SIMPSON ELDREDGE HERSH & JARDINE PC<br>312 Walnut Street<br>Suite 2090<br>Cincinnati, OH 45202-0330 | =>Phone: (513) 852-5600  Fax: (513) 852-5611  Email: jabaray@burgsimpson.com<br>Becker, Marie*; Eakins, Anne Marie*; Eakins, Jonathan*; Keultjes, Marie Claire*; Kozak, Keith*; Kozak, Valerie*; Meadows, Marlene*; Murphy, Lauren L.* |
| Berlex Laboratories Int'l,<br>c/o CSC-Lawyers Incorporating Service Company<br>50 West Broad Street<br>Suite 1800<br>Columbus, OH 43215 | =><br>Berlex Laboratories International, Inc. |
| Finson, Lowell W.<br>PHILLIPS & ASSOCIATES<br>Qwest Building, 26th Floor<br>20 East Thomas Road, Suite 2600<br>Phoenix, AZ 85012 | =>Phone: (602) 258-8900 x295  Fax: (602) 288-1632  Email: lowellf@phillipslaw.ws<br>Ivey, Stephanie D.*; Jirbi, Tamera*; Tanner, Bridget Renee*; Tanner, Russell*; Voss, Dawn*; White, Bieanca* |
| Fowler, Joseph H.<br>HARTLEY ROWE & FOWLER<br>P.O. Box 489<br>6622 East Broad Street<br>Douglasville, GA 30133-0489 | =>Phone: (770) 920-2000  Fax: (770) 920-9119  Email: jfowler@hrflegal.com<br>Parivechio, III, James*; Parivechio, Rhonda C.* |
| Gabianelli, David Anthony<br>SQUIRE SANDERS & DEMPSEY LLP<br>One Maritime Plaza<br>Suite 300<br>San Francisco, CA 94111-3294 | =>Phone: (415) 393-9843  Fax: (415) 393-9887  Email: dgabianelli@ssd.com<br>McKesson Corp.* |
| Gallucci, Daniel N.<br>RODANAST PC<br>801 Estelle Drive<br>Lancaster, PA 17601 | =>Phone: (717) 892-3000  Fax: (717) 892-1200  Email: dgallucci@rodanast.com<br>Brazzel, Carla Leigh*; Britten, Alyssa S.*; Christian, Mark D.*; Cleveland, LaKollier R.*; Galvan, Javier*; Galvan, Silvia F.*; Gauthreaux, Adine*; Gauthreaux, Kermick*; Hayat, Adam*; Hayat, Danielle C.*; Lane-Christian, Deborah Kay* |
| Hoeflich, Adam L.<br>BARTLIT BECK HERMAN PALENCHAR & SCOTT<br>54 West Hubbard Street<br>Suite 300<br>Chicago, IL 60654 | =>Phone: (312) 494-4400  Fax: (312) 494-4440  Email: adam.hoeflich@bartlit-beck.com<br>Bayer AG#; Bayer Corp.*#; Bayer Healthcare AG; Bayer Healthcare Pharmaceuticals, Inc.*; Bayer Healthcare, LLC*#; Bayer Pharmaceuticals Corp.; Bayer Schering Pharma AG#; Berlex Laboratories, Inc.*#; Berlex, Inc.* |
| Kraft, Kristine K.<br>SCHLICHTER BOGARD & DENTON<br>100 South Fourth Street<br>Suite 900<br>St. Louis, MO 63102 | =>Phone: (314) 621-6115  Fax: (314) 621-7151  Email: kkraft@uselaws.com<br>Fender (Special Adm./Surviving Parent/Est.-Melissa A.), Jill*; Hicks, Tamra*; Hill, Brenda*; Spencer, Mark*; Spencer, Sherry* |
| Levin, Arnold<br>LEVIN FISHBEIN SEDRAN & BERMAN | =>Phone: (215) 592-1500  Fax: (215) 592-4663  Email: alevin@lfsblaw.com<br>Adams, Robin*; Adams, Thomas E.* |

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 2,100 Continued)* Page 2

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| 510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3697 | |
| Schering AG,<br>Mullerstr. 178<br>13353 Berlin, Germany | =><br>Schering AG |
| Schnieders, Christopher L.<br>WAGSTAFF & CARTMELL LLP<br>4740 Grand Avenue<br>Suite 300<br>Kansas City, MO 64112 | =>Phone: (816) 701-1100  Fax: (816) 531-2372  Email: cschnieders@wcllp.com<br>Casali, Debra* |
| Stonebarger, Gene Joseph<br>LINDSAY & STONEBARGER<br>620 Coolidge Drive<br>Suite 225<br>Folsom, CA 95630 | =>Phone: (916) 294-0002  Fax: (916) 294-0012  Email: gstonebarger@lindstonelaw.com<br>Brownfield, Nichole*; Chambers, Kiera* |
| Vallone, Jr, Ralph<br>RALPH VALLONE JR LAW OFFICE<br>Son Sid Cond., Suite 1<br>1319 Ashford Avenue<br>Santurce, PR 00907 | =>Phone: (787) 723-9393  Fax: (787) 723-9251  Email: rv@rvallonelawoffice.com<br>Pujals-Torregrosa, Maria Isabel* |
| Zoll, David W.<br>ZOLL KRANZ & BORGESS LCC<br>6620 West Central Avenue<br>Suite 200<br>Toledo, OH 43617 | =>Phone: (419) 841-9623  Fax: (419) 841-9719  Email: david@toledolaw.com<br>Beck, Angela*; Beck, Martin*; Bradish, Gary*; Bradish, Patti*; Brinker, Gail*; Brinker, Kenneth*; Cathis, Lauren*; Ellyson, Brenda*; Fries (Ind./Adm./Est.-Stephanie R. Hoover), Candace L.*; Johns, Kathy*; Johns, William*; Main, Saretta*; Maniaci, Christina*; Riley, Heather; Shafer, Bridget*; Shafer, Paul* |

Note: Please refer to the report title page for complete report scope and key.