**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-CJP<br><br>MDL No. 2100 |

This Document Relates to:

ALL CASES

### ORDER #2
### <u>ORDER APPOINTING PLAINTIFFS' STEERING COMMITTEE</u>

**HERNDON, Chief Judge:**

Pending before the Court are various applications for liaison counsel, for lead counsel and for the Plaintiffs' steering committee.  Having carefully reviewed all of the submissions, the Court **APPOINTS** the following to Plaintiffs' Steering Committee:

Roger Denton as Liaison Counsel

Michael S. Burg as Co-Lead Counsel

Michael London as Co-Lead Counsel

Mark N. Niemeyer as Co-Lead Counsel

Andres F. Alonso

Daniel Becnel

A.J. DeBartolomeo

Thomas Girardi

Arnold Levin

Jeff Lowe

Roopal R. Luhana

Steven Maher

Trent Miracle

Mark Robinson

The responsibilities of Plaintiffs' Liaison Counsel shall be the following:

1. To serve as the recipient for all Court orders on behalf of all of the plaintiffs;

2. to coordinate service and filings for all plaintiffs whether presently included or subsequently added;

3. to maintain and distribute to co-counsel and to Defendants' Counsel an up-to-date service list;

4. to receive and distribute pleadings, orders, and motions by overnight courier service and/or telecopier within two days after receipt, unless such service has been waived, in writing, by a receiving counsel (until some program for electronic service can be arranged and agreed upon);

5. to coordinate the establishment of a document depository, real or virtual, to be available to all participating plaintiffs counsel;

6. to maintain and make available to all participating plaintiffs counsel of record at reasonable hours a complete file of all documents served by or upon

each party (except such documents as may be available at a document depository);

7. to prepare agendas for court conferences and periodically report regarding the status of the case; and

8. to carry out such other duties as the Court may order.

Liaison Counsel shall be entitled to seek reimbursement for costs expended at the time and in a manner approved by the Court.

Further, the PSC and Liaison Counsel shall coordinate the responsibilities of the PSC, schedule PSC meetings, keep minutes or transcripts of these meetings, appear at periodic Court noticed status conferences, perform other necessary administrative or logistic functions of the PSC, and carry out any duty as ordered by the Court.

The appointment to the PSC is of a personal nature. Accordingly, the above appointees cannot be substituted by other attorneys, including attorneys of the appointee's law firm, to perform the PSC's exclusive functions, such as committee meetings and court appearances, except without prior Court approval.

The PSC has the following duties:

**Discovery**

(1) Initiate and coordinate and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with this multi district litigation.

(2) Develop and propose to the Court schedules for the commencement, execution and completion of all discovery on behalf of all plaintiffs.

(3) Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.  Similar requests notices, and subpoenas may be caused to be issued by the PSC upon written request by the individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

(4) Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

**Hearings and Meetings**

(1) Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules or joint briefs, and any other appropriate matters pertaining to pretrial proceedings.

(2) Examine witnesses and introduce evidence on behalf of plaintiffs at hearings.

(3) Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

**Miscellaneous**

(1) Submit and argue all verbal or written motions presented to the Court or Magistrate on behalf of the PSC as well as oppose when necessary any motions submitted by defendants or other parties which involve matters within the sphere of the responsibilities of the PSC.

(2) Negotiate and enter into stipulations with defendants regarding this litigation.   All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until ratified by the Court.  Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection within 5 days after he/she knows or should have reasonably become aware of the stipulation.  Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

(3) Explore, develop and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

(4) Maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions for examinations by all MDL plaintiffs or their attorneys.

(5) Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's Orders, including organizing subcommittees comprised of plaintiffs' lawyers not on the PSC and assigning

them tasks consistent with the duties of the PSC.   Membership on the subcommittees shall be subject to the approval of the Court.   Compensation for work performed by the subcommittees and the approved cost will be paid by the common benefit funds.

(6) Perform other such functions that may be expressly authorized by further Court Orders.

Lastly, the Court **DENIES without prejudice** the motion to appoint interim class counsel (Doc. 144), as the Court **FINDS** that this PSC is adequately qualified to represent the interests of the class cases that have been filed.

**IT IS SO ORDERED.**

Signed this 10th day of November, 2009.

/s/    David R Herndon

**Chief Judge**
**United States District Court**