IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

_____
                                                                    )
IN RE YASMIN AND YAZ (DROSPIRENONE) )          3:09-md-02100-DRH-PMF
MARKETING, SALES PRACTICES AND            )
PRODUCTS LIABILITY LITIGATION                  )          MDL No. 2100
_____ )

**This Document Relates to:**
_____

**KERRY SIMS,**

**Plaintiff,**

v.                                                                                     **3:09-cv-10012-DRH-PMF**

**BAYER CORPORATION,**
**BAYER HEALTHCARE**
**PHARMACEUTICALS INC.,**
**BAYER HEALTHCARE, LLC,**
**WALGREEN CO. d/b/a WALGREENS**

          **Defendants.**

## ORDER

    Upon consideration of Plaintiff's Motion to Withdraw her Motion to Remand, (3:09-cv-10012, Doc. 47), the Court hereby ORDERS as follows:

    Plaintiff's Motion is DENIED at this time. The question of diversity jurisdiction is not yet settled. The Plaintiff was this date granted leave to file an amended complaint which altered her theory against Defendant Walgreen Co. Remaining are theories of Breach of Implied Warranty and Illinois Consumer Fraud Act violations. It is alleged that said Defendant is an Illinois citizen, a non-

diverse party.  If Walgreen Co. is not fraudulently joined, diversity does not exist and this Court does not have subject matter jurisdiction to hear this case.  The parties cannot voluntarily submit to the jurisdiction of the Court, where none exists.  *Appleton Elec. Co. v. Graves Truck Line, Inc.* 635 F.2d 603, 608 (7th Cir. 1980) ("It is fundamental that the federal courts are courts of limited jurisdiction, and that a lack of jurisdiction cannot be waived by the parties.").  Therefore, even though the Court has the authority to remand this case *sua sponte*, *see McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit."), it would seem the prudent course, to leave the Plaintiff's Motion to Remand an active motion at this time.

SO ORDERED:

/s/  *David R Herndon*
Chief Judge
United States District for the Southern District of Illinois

DATE: January 8, 2010