UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

---

| | |
|---|---|
| **IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND RELEVANT PRODUCTS LIABILITY LITIGATION** | : 3:09-md-02100-DRH-PMF <br> : MDL No. 2100 <br> : <br> : Judge David R. Herndon |
| This Document Applies To All Actions | : |

---

## CASE MANAGEMENT ORDER NO. 17

### (Amendment of Complaints and Disclosure Statements)

This Order applies to claims brought alleging ingestion or purchase of YAZ®, Yasmin®, or Ocella® that (i) currently are pending in MDL No. 2100 or (ii) are filed in, removed to, or transferred to this Court.

**I.   Amendment of Complaints To Add or Substitute as Defendants Bayer HealthCare Pharmaceuticals Inc. and/or Bayer Schering Pharma AG**

A.   Plaintiffs may amend their complaints to add Bayer Schering Pharma AG and/or Bayer HealthCare Pharmaceuticals Inc. as defendants, or to substitute Bayer Schering Pharma AG and/or Bayer HealthCare Pharmaceuticals Inc. for other Bayer defendants, without filing a motion for leave to amend or a stipulation from defendants agreeing to the amendment.

B.   A complaint amended pursuant to this provision must, on its first page, (1) state that the complaint is being amended pursuant to this Order and (2) identify all paragraphs added, deleted, or changed from the previous

complaint.  Any paragraph or clause that states this information shall not be delineated by number and shall not be considered an allegation or part of the pleading.

      C.    Amendments made pursuant to this Order are limited to addition or substitution of Bayer HealthCare Pharmaceuticals Inc. and/or Bayer Schering Pharma AG.  An amendment that makes any other changes in plaintiff's complaint is subject to the procedures established by Federal Rule of Civil Procedure 15.  To this end, any party that seeks to amend in accordance with that well-settled rule shall not face any increased burden or scrutiny by virtue of this Order.

      D.    Complaints amended pursuant to this Order must be served on Bayer HealthCare Pharmaceuticals Inc. and/or Bayer Schering Pharma AG through the methods and at the addresses specified in Amended CMO 9 §§ III.D. (MDL 2100 Doc. 1137).  Service of the amended complaint on the other Bayer entities, as defined by Amended CMO 9 § III.A., is subject to the provisions of Amended CMO 9 § III.G.  Any other party must be served pursuant to the procedures established by Federal Rules of Civil Procedure 5 and 15.

      E.    An amendment or substitution pursuant to this Order will be effective upon filing and service of the amended complaint and will relate back to the date of the filing of the original complaint for all purposes, including but not limited to statute of limitations.

   G. The deadline for the parties to amend pleadings or to add parties is sixty (60) days from the date of this Order or forty-five (45) days from the date the case is docketed in MDL 2100, whichever is later, unless otherwise specified in another Case Management Order.

## II. Disclosure Statements

   In light of the number of cases involving the same parties, each properly served party subject to Fed. R. Civ. P. 7.1 shall file one copy of the required disclosure statement in the master docket.  Disclosure statements need not be filed in individual cases.

   **IT IS SO ORDERED.**


Dated:  May 20, 2010         /s/   *David R. Herndon*
                    Chief Judge
                    United States District Court