UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

_____
                                                                  )
IN RE YASMIN AND YAZ                             )     3:09-md-02100-DRH-PMF
(DROSPIRENONE) MARKETING, SALES       )
PRACTICES AND PRODUCTS LIABILITY        )     MDL No. 2100
LITIGATION                                             )
_____)

**This Document Relates to:**

**ALL CASES**

_____

## ORDER

### INTRODUCTION AND BACKGROUND

On February 18, 2010, this Court entered Case Management Order Number 10 ("CMO 10") (3:09-cv-2100 Doc. 672), governing the redaction of documents and claims of privilege. This Case Management Order, was the result of extensive arm's length negotiations among highly experienced and informed counsel on both sides. The terms contained in CMO 10 were voluntarily agreed to and drafted by the parties. Pursuant to CMO 10, Defendants are permitted to "redact from produced documents, materials or other things, or portions thereof, the following items:"

> Those portions of documents that contain information relating to Bayer's non-Drospirenone-containing medicines or products. With respect to Drospirenone-containing medicines other than YAZ/Yasmin/Ocella, Defendants may redact those

>portions of any material that relates to any business strategy, marketing, or sales or that otherwise does not contain safety, adverse event, efficacy, or scientific study information[.]

(3:09-cv-2100 Doc. 672 ¶ A(5)). Since the entry of CMO 10, the Bayer Defendants have produced approximately 1.3 million documents consisting of approximately 33 million pages. Over the course of that production, the Bayer Defendants have been redacting documents as permitted under CMO 10. Plaintiffs contend that of the 1.3 million documents produced, approximately 14% have been redacted based on the provisions agreed to by the parties in ¶ A(5) (3:09-cv-2100 Doc. 1273 p. 2 n. 1).

Plaintiffs now bring this motion to modify CMO 10, pursuant to Rule 22.6 of the Manual for Complex Litigation. Specifically, Plaintiffs seek to amend CMO 10, paragraph 5(A) so that "(1) Defendants are prohibited from redacting business strategy, marketing, or sales information regarding Defendants' other Drospirenone ("DRSP")-containing medicines other than YAZ/Yasmin/Ocella; (2) Defendants are prohibited from redacting business strategy, marketing and sales information pertaining to Bayer's hormonal contraceptives; (3) Defendants are required to un-redact any and all documents that have redacted thus far on these grounds." (3:09-cv-2100 Doc. 1272).

Fortunately, the parties have worked together on issues throughout this litigation and consistently meet and confer thoroughly before bringing a dispute to the Court. The parties' efforts to resolve the present dispute are no

exception; both parties met and conferred on these issues in an effort to resolve the dispute. Although the Court encourages and appreciates such efforts, the parties also have a responsibility to bring disputes to the Court's attention in a timely manner to avoid unnecessarily compounding the problem. Regrettably, in this instance, 33 million pages were produced before the matter was brought to the Court's attention and as a result the issue of burden, argued extensively by the Defendants, has grown.

## ANALYSIS

### A.  Scope of Discovery

The federal discovery rules are liberal in order to assist in the preparation for trial and settlement of litigated disputes. *See Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir.2009).   Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

### B.  Modification of Case Management Orders

The Manual for Complex Litigation, published by the Federal Judicial Center, is a primary reference text in this litigation.  Pursuant to Rule 22.6 the Court has the authority to update, and modify case management orders as the litigation unfolds.  The Court also notes, however, that case management orders

are designed to facilitate the complex litigation process and are a vital tool in managing the discovery process. Thus, the Court does not take requests to modify case management orders lightly, especially when a case management order is voluntarily entered into after extensive negotiations between the parties.

**C.     Modification of Case Management Order Number 10 ¶ 5(A)**

At oral argument, Plaintiffs theorized that Drospirenone, an active ingredient in YAZ and Yasmin, is the component that caused Plaintiffs' alleged injuries. Plaintiffs contend that their primary concern with ¶ 5(A) is that it allows Defendants to redact sales and marketing information relating to other Drospirenone containing products. Plaintiffs contend that the sales, marketing, scientific, and regulatory information pertaining to YAZ and Yasmin and to other Drospirenone containing products are so intertwined, the redaction protocols in ¶ 5 (A) are preventing Plaintiffs from obtaining discovery of relevant information and from fully understanding the documents that have been produced.

Defendants argue, credibly, that to go back over the documents that have been produced thus far, 90% of what Plaintiffs say they are requesting, will be burdensome. There are three categories of redactions to this point; relevance, privilege and confidentiality. Of the relevance redactions, some are for the subject matter drugs at issue in this motion and others are for completely unrelated drugs. Therefore, the Defendants, submit they cannot simply go back and remove all relevance redactions. Plaintiffs counter that the percentage of non-subject

matter relevance redactions are a small percentage of the total of relevance redactions. However, they can only speculate about that comparison based on context of matters discussed in the material.

Burden on the Defendants is a factor the Court should weigh and balance against the Plaintiffs need to access relevant information in the possession of the Defendants or information which is likely to lead to the discovery of relevant or admissible evidence. *See* Fed. R. Civ. P. 26 (b)(2)(iii) (discovery shall be limited by the Court "if it determines that ... the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." However, it is a factor that cannot outweigh a litigant's right to discover relevant evidence. Just as the Court, in this litigation, has dismissed a number of cases when plaintiffs have failed to provide the Defendants with relevant evidence to which they are entitled in Plaintiff Fact Sheets.

On the other side of this issue, the Plaintiffs argue, credibly, that the redactions in the past, and presumably to come, make the documents produced nonsensical for the most part and impossible for Plaintiffs "to get traction" on the gathering of meaningful information as they build a case of admissible evidence in preparation for trial. From the exhibits Counsel demonstrated in open court, it

was clear that the redaction complained of made the production virtually useless in too many instances.

Although the Court is reluctant to modify an agreed case management order, especially after such a large number of documents have been produced, the Court agrees that information pertaining to Defendants' other Drospirenone containing medicines and information pertaining to Drospirenone containing medicines in general could lead to the discovery of admissible evidence. Moreover, as noted, the Court feels that the redaction complained of makes the production virtually unusable. Accordingly, the Court concludes that the redaction provisions in ¶ 5(A) should be modified in the following way:

> (1) Defendants are prohibited from redacting business strategy, marketing, or sales information regarding Defendants' other Drospirenone ("DRSP")-containing medicines other than YAZ/Yasmin/Ocella; and
>
> (2) Defendants are required to un-redact any and all documents that have redacted thus far on these grounds.

The Court, however, will <u>not</u> grant Plaintiffs' request that the Defendants be prohibited from redacting business strategy, marketing and sales information pertaining to Bayer's "hormonal contraceptives."

This request is overly broad.  The Court feels that this decision strikes an appropriate balance between the burden that will be placed on the Defendants and the Plaintiffs' right to discovery of relevant information.

**IT IS SO ORDERED.**

Dated September 22, 2010        /s/     *DavidRHerndon*

                                                 **Chief Judge
United States District Court**