UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

_____

| | | |
|---|---|---|
| **IN RE YASMIN AND** | ) | **MDL No. 2100** |
| **YAZ** | ) | **3:09-md-02100-** |
| **(DROSPIRENONE)** | ) | **DRH-PMF** |
| **MARKETING, SALES** | ) | |
| **PRACTICES AND** | ) | |
| **PRODUCTS LIABILITY LITIGATION** | | |

_____

**This Document Relates to:**

**ALL CASES**

## CASE MANAGEMENT ORDER No. 28
## REGARDING DEPOSITION PROTOCOL

This order, agreed to after extensive negotiations and with the agreement of counsel, controls depositions of witnesses on issues of general applicability to the litigation (as opposed to case-specific witnesses) who are the corporate defendants' current or former representatives or personnel. The purpose of this order is to gain the highest degree of efficiencies in the taking of these depositions. At no time has it been, nor will it be, the intention of the Court or the parties that judges in any of the participating jurisdictions delegate their duties to any other judicial officer.

    A.    **General Provisions and Objectives**

    1.    Counsel and all parties (both represented and *pro se*) shall comply with this order, and to the extent consistent with this order, with the applicable Rules of Civil Procedure and the Local Rules of the presiding court. Unless specifically modified herein, nothing in this order shall be construed to abrogate the Rules of Civil Procedure or the Local Rules.

    2.    Counsel are reminded that the Courts consider depositions to be official court procedures and the conduct of all participants in depositions shall be in accordance with the customs and practices expected of lawyers and witnesses appearing before these Courts, as if each was appearing

personally before the Courts at the time of the depositions.  Counsel shall not at any time conduct himself or herself in a manner not becoming an officer of the court and not in full compliance with the civil rules of practice and all other orders of the Courts.  Neither counsel nor witnesses shall, at any time, engage in conduct that impedes, delays, or frustrates the examination of the witness.  All counsel and the deponent must be treated with civility and respect.

      3.      There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during the deposition recesses.

      4.      Disputes relating to depositions shall be resolved jointly by the Courts, wherever possible.  Where possible, Chief Judge Herndon will coordinate communications among the Courts.  More specifically:

*If a dispute arises before or after a deposition:*  Promptly upon filing a motion in the court in which her case is pending, the moving party will email a copy of the motion to Judge Herndon and his staff as follows:  Sandy Pannier, Courtroom Deputy (Sandy_Pannier@ilsd.uscourts.gov);  Debra Ward, Chambers Counsel (Debra_Ward@ilsd.uscourts.gov); and Judge Herndon (Judge_Herndon@ilsd.uscourts.gov).  Copies of the request, together with the supporting documents, shall be emailed to the counsel involved in the immediate dispute, and the leadership of defendants and of plaintiffs for each jurisdiction, as noted below.[1]  Judge Herndon will coordinate conferral among the Courts for resolution of the issue, consistent with the law of the various jurisdictions.

*If a dispute arises during a deposition that requires expedited consideration*:  The moving party will send a short email to the

---

[1] Notices to plaintiffs shall be made by e-mail to each of the following: for the MDL, Roger Denton (rdenton@uselaws.com), Michael Burg (MBURG@burgsimpson.com),  Michael London (mlondon@douglasandlondon.com), Mark Niemeyer (niemeyer@onderlaw.com); for California state court coordinated actions Steven Skikos (sskikos@skikoscrawford); for New Jersey state court coordinated actions Richard Meadow (RDM@lanierlawfirm.com); and for the Pennsylvania state court consolidated actions Dianne M. Nast (dnast@rodanast.com).  Notices to the Bayer defendants shall be emailed to Adam Hoeflich (adam.hoeflich@bartlit-beck.com); Doug Marvin (dmarvin@wc.com); Susan Weber  (saweber@sidley.com); and John Galvin (jgalvin@foxgalvin.com).  Notice to Barr/Teva should be sent to Joseph Thomas (jthomas@ulmer.com).

state court judge and Chief Judge Herndon, his staff, the parties' leadership groups as set forth above, and counsel attending the deposition describing briefly the nature of the dispute.  The state court judge and Judge Herndon will consult with the judges from the other jurisdictions, provided that each such judge is available and that the inherent need of the dispute for an immediate ruling does not prevent such consultation.  The acting judicial officer shall issue a ruling resolving the dispute in a timely manner, advising the parties which of the state judicial officers participated in the decision.  If a state judge is unable to participate in a decision requiring expedited consideration and the aggrieved party's case is pending in that state, Judge Herndon may resolve the dispute but the losing party may within 24 hours file a motion in that state's coordinated proceeding explaining the basis for that party's disagreement with the ruling.  A copy of the motion promptly shall be emailed to Judge Herndon, each state court judge and the parties' leadership groups, as set forth above.

B. **Notices/Scheduling**

1. Content of Notice.  Each deposition notice shall include the name, address and telephone number of an attorney point of contact designated by the party noticing the deposition as well as the date, time and place of the deposition.  This order in its entirety shall be attached to any subpoena or deposition notice that pertains to a third-party witness covered by its terms.

2. Cooperation in Scheduling.  Absent extraordinary circumstances, counsel shall consult with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations.  Counsel are expected to cooperate and coordinate the scheduling of depositions on a good faith basis.

3. Location.  To the extent reasonably possible, depositions of witnesses located in the United States will take place in the deponent's home district or, if counsel for the deponent agrees, in another district convenient to the deponent, counsel and the parties.  The location of the deposition shall be as consistent as possible within each city so that videotape equipment, if being used, can be left in place.

Witnesses who are domiciled in Germany, where domestic law prohibits the taking of depositions, will be deposed in Amsterdam, unless all parties agree to another location.

4. Adequacy of Notice. After counsel, through consultation, have arrived on a date and location for a deposition, the Noticing Party shall serve an amended Notice reflecting the agreed upon date and location.  Third-party

witnesses subpoenaed to produce documents shall be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition.

   5.  Attendance.  In order for counsel to make arrangements for adequate deposition space, Plaintiffs' Liaison Counsel for the jurisdiction from which the notice was served and Defendants' Liaison Counsel shall confer regarding the expected attendance at least three business days before the scheduled date.

   6.  Remote Participation.  In the event that a party wishes to participate in a deposition remotely, that is, either by telephone or internet, that party shall notify Plaintiffs' Liaison Counsel for the jurisdiction from which the Notice was served as well as Defendants' Liaison Counsel, two days in advance of the start of the deposition.  Any party seeking to participate remotely must agree to be bound by applicable Protective Orders and agree not to re-record the deposition, by video or audio means.

   7.  Means of Recording.

   (a) Stenographic Recording.  A certified Court reporter shall stenographically record all deposition proceedings and testimony.  The Court reporter shall administer the oath or affirmation to the deponent.  A written transcript by the Court reporter shall constitute the official record of the deposition for purposes of **FED. R. CIV. P. 30(e); CAL. C.C.P. § 2025.520; N.J. COURT RULES R. 4:16-4; PA.R.C.P NO. 4017(c)** (rules addressing submission of transcript to the deponent) and **30(f); Cal. C.C.P. § § 2025.510, 2025.540, 2025.550; N.J. COURT RULES R. 4:14-6;  PA. R.C.P NO. 4017** (rules addressing filing, retention, certification and the like).  The noticing party shall be responsible for the court reporter furnishing computer disks in text-readable form and hard copy in Min-U-Script format to the document depository.

   (b) Telephonic Depositions.  By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under **FED.R.CIV.P. 30(b)(7); CAL. C.C.P. § 2025.310** or to have otherwise moved for such an order as permitted in Pennsylvania and New Jersey.  Unless an objection is filed and served within ten (10) calendar days after such notice is received, the court shall be deemed to have granted the motion.  Other parties may examine the deponent telephonically or in person.  However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the deponent.

(c) Videotaping. Deposition notices shall state whether the deposition is to be videotaped. All videotape depositions shall proceed pursuant to the provisions of section K, *infra.*

C. **Coordination with State Court Actions/Cross-Noticing of Depositions/Corporate Representative Depositions**

1. Cross-Notices. The parties and all courts desire to minimize the expense and inconvenience of this litigation by, *inter alia*, providing for a single deposition of witnesses in all litigations relating to Yaz®, Yasmin® or Ocella®. Any witness deposition in this litigation subject to this Order may be cross-noticed by any party in any related action pending in any state or federal court, subject to the provisions of paragraph C(5), *infra.* There should be full participation by all jurisdictions in every deposition.

2. Coordination of Depositions. Plaintiffs' counsel from all jurisdictions shall coordinate the scheduling of depositions and the duties for examination of the deponent. In the interest of efficiency, the fewest number of attorneys possible should be used at each deposition. Under no circumstance shall more than one plaintiffs' attorney for each jurisdiction question a witness.

3. There shall be no more than four examining attorneys, who shall confer prior to the deposition concerning allocation of time to question. Under no circumstances will plaintiffs' failure to allocate time among themselves or to enforce that allocation of time among themselves during a deposition result in an extension of the deposition. At no time shall any plaintiffs' lawyer ask questions previously asked by another plaintiffs' counsel.

4. Subsequent Depositions. If a deposition originally noticed in another state or federal court has been cross-noticed in another state or federal court subject to this order, then a party may not take a subsequent deposition of that witness over objection of the opposing party or the witness except for good cause shown as determined by the Courts. Any subsequent deposition shall be restricted to such additional inquiry stipulated to by the parties or as permitted by the Courts.

5. Objections to Cross-Notices. If a party cross-notices in one state or federal court subject to this order a deposition scheduled in another federal or state litigation, the party shall provide the notice to the plaintiff and defense leadership identified above. If a party objects to that cross-notice, that party shall raise that objection for resolution pursuant to the procedures set forth in paragraph A.4. The burden shall be on the party objecting to the cross-notice to demonstrate that the cross-notice shall not proceed.

6. Corporate Representative Depositions. The notice for the deposition of a corporate representative under **FED. R. CIV. P. 30(b)(6); CAL.**

**C.C.P. §§ 2025.010; 2025.230; N.J. Court Rules R. 4:14-2, 4:16-1; PA. R.C.P. NO. 4007.1(e),** shall describe with reasonable specificity the matters for examination and the questioning shall be limited to those specific matters. Plaintiffs agree that if any examiner intends to question the witness about particular tables, charts, results of findings, or such similar details, MDL liaison counsel for plaintiffs shall notify defendants' counsel 10 days before the deposition as to a particular table, chart, finding, result or details that will be the subject of general questioning. Plaintiffs' examiners may collectively designate only a reasonable number of tables, charts, results, findings, or similar details.

### D. Length of Depositions

Unless otherwise ordered by the Courts, or agreed to by the parties and counsel for any deponent, the following provisions shall govern depositions subject to this order:

1. A deposition day shall be up to nine (9) hours of testimony and shall ordinarily commence at 9:00 a.m. and terminate between 5:30 p.m. and 7:30 p.m., including a one-hour break for lunch. A deposition shall continue to 7:30 p.m. only when the long deposition day will make it possible to conclude the deposition in a single day. A fifteen minute break in the morning and the same in the afternoon shall be allowed. If additional breaks exceed 30 minutes in the aggregate, the length of the deposition day shall be extended by the time equal to the extra breaks. No breaks shall be taken while a question is pending, except to confer about an issue relating to privilege.

2. Counsel should be efficient in depositions. Counsel shall confer about the time required to depose a particular witness. Absent agreement of the parties or order of the Courts, the presumption is that a deposition shall not exceed two (2) days in length, which will include up to fifteen percent of the time for examination by defendants' counsel and an equal amount of time for redirect examination. Based on agreement or a showing of good cause, a deposition may exceed two (2) days.

3. In the event that the deposition involves a translator, the maximum length of the deposition shall be increased as is reasonably necessary by up to 75%.

### E. Custodial Files

Provided that plaintiffs notify the defendants at least 60 days in advance of the intended deposition of any present or former company employee, the custodial file of that employee shall be produced 30 days in advance of the scheduled deposition to the address specified by plaintiffs' counsel. If 100 or fewer pages are produced between 14 and 29 days prior to the scheduled deposition, the deposition shall proceed as scheduled. Any documents produced

less than 14 days prior to the scheduled deposition must be delivered to the primary examiner, if one has been designated by plaintiffs' counsel. If a primary examiner has not been designated, the documents shall be produced to the same address to which the previous documents were produced. The parties shall meet and confer regarding the impact, if any, of this production on the scheduled deposition. If the parties cannot agree, the matter shall be referred to the Courts for resolution pursuant to the procedures described in Part A.4.

### F. Translation of Documents

Objections as to the accuracy of translations shall be preserved unless a stipulation is reached by the parties in advance of the deposition.

### G. Translators

1. Where a witness indicates his or her intention to respond to questions in a language other than English, neutral translators will be employed to interpret and translate between the foreign language and English. Three translators shall be employed to allow for rotation of the translators. Each translator will swear under oath or affirm prior to each deposition to provide honest and truthful translations. A monitor displaying "real time" transcription will be placed in front of the translator to assist in the translation. Defendants and plaintiffs will share the fees and costs of the translators equally.

2. Counsel for the defendants will notify the plaintiffs at least 10 days in advance of the deposition of any present or former employee whose examination will require the involvement of a translator. Counsel for third party witnesses will notify counsel for the party who noticed the deposition at least 10 days in advance of the deposition that the examination will require the involvement of a translator.

### H. Copies of Transcripts and Recordings

1. Each side shall bear its own costs in securing copies of the deposition transcript, videotape or DVD.

2. Any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting the Liaison Counsel for the party noticing the deposition or the court reporter.

### I. Postponements

Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled or relocated less than three (3) calendar days in advance of the date it is scheduled tooccur, except upon agreement between the party noticing the deposition and Liaison or Lead Counsel for the opposing party

witness (if the witness is a party or a current or former employee) or counsel for the witness (if the witness is not a party or a current or former employee) or by leave of the Courts for good cause.

### J. Attendance

1. Permitted Attendees. Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the deponent, the deponent's attorney, attorneys of record in MDL-2100 or state cases, in-house counsel for the parties, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by counsel. Upon application, and for good cause shown, the Courts may permit attendance by a person who does not fall within any of the categories set forth above.

2. Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the court. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel may elect not to attend.

3. Examination Regarding Confidential Documents. While a deponent is being examined about any document that has been designated as confidential pursuant to any court order, attendance at that portion of the deposition by persons to whom disclosure is not authorized by such order shall be prohibited. Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality when the transcript, videotape or disk is placed in the document depository.

### K. Image Recorded Depositions

Any depositions may be videotaped at the request of any party pursuant to the following terms and conditions:

1. Simultaneous Stenographic Recording. All videotaped depositions shall be simultaneously stenographically recorded in accordance with paragraph B (7), above.

2. Cost of the Deposition. The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording. Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

3. Videotape Operator. The operator(s) of the videotape recording equipment shall be subject to the applicable provisions of **FED. R. CIV. P. 28(c); CAL. C.C.P. § 2025.560; N.J. COURT RULES R. 4:14-9; PA. R.C.P. No. 4017.1.**

4. At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately. The operator shall produce both video and DVD formats of each deposition.

5. Standards. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

6. Additional Cameras. Any party, at its own expense and with notice 24 hours in advance of the deposition to opposing counsel, may arrange for not more than two additional cameras at videotaped depositions, one to film the examining attorney and, if any party so requests, the other to film the opposing attorney. The opposing attorney shall be filmed only in the event the examining attorney is being filmed, at the expense of the party electing to film the examiner. If more than one party elects videotaping, the parties shall share the expense of the synchronization of the videotapes, in any editing of the tapes, on a 50/50 basis. If more than one camera is employed, the party arranging for the additional camera(s) shall pay for the expense of synchronization of the videotapes from the additional camera(s) if the party intends to show videotape from the additional camera(s) at trial. Nothing in this order shall be construed as a ruling whether the videotapes of the lawyers may be shown at trial. Counsel's objections to showing the videotape of counsel at the time of trial are reserved.

7. Index. The videotape operator(s) shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

8. Filing. After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and file a true copy of the videotape, the transcript, and certificate with Liaison Counsel for whomever noticed the deposition.

9. Objections and instructions not to answer at videotape depositions are subject to the provisions of section L, *infra*. If the objection

involves matters peculiar to the videotaping, a copy of the videotape and equipment for viewing the tape shall also be provided to the Court.

10. Technical Data. Technical data such as recording speeds and other information needed to replay or copy the tape shall be included on copies of the videotaped deposition.

**L. Objections and Directions Not to Answer**

1. Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all depositions in this action:

(a) Unless otherwise specified by any defendant, an objection by a single defendant shall be deemed an objection by all defendants and, unless otherwise specified by any plaintiff, an objection by a single plaintiff shall be deemed an objection by all plaintiffs. However, unless otherwise specified, an instruction not to answer by one defendant should not be deemed an instruction not to answer by all defendants and an instruction not to answer by one plaintiff should not be deemed an instruction not to answer by all plaintiffs at risk for sanctions should he/she instruct a witness in bad faith.

(b) All objections are reserved until trial or other use of the deposition, except those objections regarding the form of the question or the existence of a privilege.

(c) Counsel shall refrain from engaging in colloquy during depositions. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used. Counsel may ask what specific defect in form is referenced in the objection in order to decide if there is a need to cure the alleged defect.

2. Objections as to the relevance of documents are not waived, and are reserved for later ruling in each of the coordinated proceedings or by the trial judge.

**M. Use and Admissibility of Depositions**

1. Under the conditions prescribed in **FED. R. CIV. P. 32(a) (1)-(4) CAL. C.C.P. § 2025.620; N.J. COURT RULES R.4:16-1; PA. R.C.P. No. 4020(a)** or as otherwise permitted by the Federal, California, New Jersey, and Pennsylvania Rules of Evidence, depositions may be used against any party (including parties later added and parties in cases subsequently filed in any state court covered by this order, cases filed in, removed to or transferred to the federal court which is covered by this order; all of which are part of this litigation) who:

> (a) was present or represented at the deposition; or
>
> (b) had reasonable notice thereof; or
>
> (c) within thirty (30) days after the deposition is taken or within forty-five (45) days after becoming a party in one of the state consolidated actions or MDL-2100 fails to show just cause why such deposition should not be used against such party.

2. This order does not address the admissibility of any deposition at trial. Determinations on the admissibility of a deposition shall be made in each coordinated proceeding or at trial.

3. This order does not address whether a separate trial preservation deposition may be required for admission of a witness's testimony. Nor does it address the timing of any such trial preservation deposition. Such determinations shall be made in each coordinated proceeding.

### N. Correcting and Signing Depositions

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within forty-five (45) days after the end of the deposition, unless the court allows a supplemental deposition pursuant to section C (3). If no corrections are made during this time, the transcript will be presumed accurate. Parties in jurisdictions where the rules do not provide for correction and signing of a deposition transcript reserve their objections to corrections made pursuant to this procedure.

### O. Effectiveness

Identical deposition protocol orders are being entered in the parallel state court proceedings in California, New Jersey, and Pennsylvania and will be effective on the date docketed.

**So Ordered**

*/s/ David R. Herndon*
David R. Herndon
2011.02.28 15:39:33 -06'00'

**Chief Judge**                                                         **Date: February 28, 2011**
**United States District Court**