UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

_____

| | | |
|---|---|---|
| **IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | ) ) ) ) ) ) ) ) ) | **MDL No. 2100 3:09-md-02100- DRH-PMF** |

_____

**This Document Relates to:**

**ALL CASES**

### CASE MANAGEMENT ORDER NUMBER 29
### REGARDING *EX PARTE* COMMUNICATIONS WITH TREATING PHYSICIANS

On March 1, 2011, the Court heard oral argument regarding *ex parte* contact between counsel and treating physicians and defendants hiring expert witnesses who are also treating physicians. Counsel indicated that the parties are near agreement on a majority of the issues. The Court directed the parties to continue working together to draft an agreed order pertaining to the retention of experts and related issues. The parties also indicated that they could not reach agreement regarding what restrictions, if any, should be placed on the Plaintiffs' substantive *ex parte* communications with treating physicians. It is clear there are generally two types of treating physicians encountered in this litigation.

Plaintiffs have seen physicians who prescribed an oral contraceptive and have also been treated by one or more physicians who treated them for the injuries or ailments which are alleged in their complaints. Most of subject matter which is discussed in this order concerns the prescribing physician, but that is not necessarily the case and the order is not so self-limiting.

The Defendants have asked the Court to limit Plaintiffs' *ex parte* contact with treating physicians by foreclosing Plaintiffs from providing treating physicians with documents not previously seen by said physicians and inquiring how said documents might have changed the physicians' prescribing decisions, if at all. The Defendants are concerned that such conduct could unfairly bias treating physicians and lead to "woodshedding."[1] Plaintiffs strenuously object to any such restrictions, contending that *if* the concerns raised by the Defendants come to fruition they should be addressed on a case by case basis. Plaintiffs also contend that the Defendants will have an opportunity to question the treating physicians regarding any *ex parte* communications at the treating physician's deposition.

The Court has considered the parties' arguments and reviewed the relevant case law. The Court notes that although some MDL courts have imposed similar restrictions, **see e.g., In re OrthoEvra, 2010 WL 320064 (N.D. Ohio Jan. 20, 2010) (Katz, D.),** the Court is not aware of and the Defendants have not

---

[1] The term "woodshedding" refers to impermissibly coaching a witness or unfairly prejudicing a witness during *ex parte* communications. **See e.g., In re OrthoEvra, 2010 WL 320064 (N.D. Ohio Jan. 20, 2010) (Katz, D.).**

cited, any rule or controlling authority that prohibits an attorney from providing a witness with documents when engaged in permissible *ex parte* communications. Accordingly, the Court **ORDERS** as follows:

When engaged in *ex parte* communications with Plaintiffs' treating physicians, Plaintiffs are permitted to provide treating physicians with documents not previously seen by said physicians and may inquire into how said documents might have changed the physicians' prescribing or treatment decisions, if at all. Documents that may be provided include: (1) research documents, scientific studies, and related materials; (2) internal Defendant documents; (3) documents identified as confidential and subject to Case Management Order Number 7 (MDL 2100 Doc. 291); and (4) product warnings or labels.

**The Court further Orders:**

(1) Documents provided to treating physicians during such *ex parte* communications may not contain notes, highlighting, underlining, Plaintiff supplied redactions or any other markings that modify the document or direct a reader's attention to a particular portion of the document.

(2) Plaintiffs must provide the Defendants precise designations, descriptions or copies of all documents provided to treating physicians during such *ex parte* communications at least 72 hours prior to the treating physician's deposition.

(3) Plaintiffs must comply with the requirements of Case Management Order Number 7 (MDL 2100 Doc. 291) when providing treating physicians with any documents deemed confidential pursuant to Case Management Order Number 7.

**So Ordered**

David R. Herndon
2011.03.04 09:28:49
-06'00'

| | |
|---|---|
| **Chief Judge**<br>**United States District Court** | **Date: March 4, 2011** |