# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) 3:09-md-02100-DRH-PMF ) ) MDL No. 2100 ) |

**This Document Relates to:**

**ALL CASES**

### AMENDED CASE MANAGEMENT ORDER NUMBER 30
### (Appointment of a Special Master)

This Order vacates and replaces Case Management Order Number 30 (Doc. 1655).

On March 31, 2001, the parties agreed to the appointment of the Honorable Dan Stack (Ret.) as a Special Master under Fed. R. Civ. P. 53 for mediating and preliminarily resolving disputes that arise in depositions of corporate witnesses taken outside of the United States (Case Management Order Number 30 MDL 2100 Doc. 1655). At the April 12, 2011 status conference the parties reported that the appointment of a Special Master for depositions outside of the United States has been beneficial and expressed an interest in utilizing the Special Master's services in depositions taking place in the United States as well. The Court concludes that the Special Master appointment has been an advantageous process and should not be limited to depositions of corporate witnesses taken outside of the United States. The Court therefore **ORDERS** as follows:

1. *Appointment*.

   A. The Honorable Dan Stack (Ret.) is appointed under Rule 53 as Special Master for the purpose of mediating and, if necessary, issuing preliminary suggested rulings on disputes that arise during the course of depositions of corporate witnesses taken outside of the United States.

   B. Additionally, when requested by any party and upon the consent of all other parties, the Special Master may preside over depositions of corporate and non-corporate witnesses taken both inside and outside of the United States.

2. *Parameters*. Whether presiding over a deposition pursuant to section 1.A. or 1.B., above, the following parameters shall apply:

   A. *Procedures*. The Special Master shall have the rights, powers and duties provided in Rule 53, and may adopt such procedures as are not inconsistent with that Rule or with this or other Orders of the Court. The Special Master shall endeavor first to mediate a resolution to disputes that may arise. Should mediation fail to result in an agreed upon resolution, the Special Master shall make preliminary rulings that, at the election of any party, may be referred to this Court, in the first instance, and to the State Court Judges overseeing coordinated YAZ®/Yasmin®/Ocella® state court proceedings, secondarily. If judicial review of the Special Master's suggested preliminary rulings is required, the parties shall bring their disputes to the Court and the

State Court Judges pursuant to the procedures set forth in Case Management Order No. 28.

    B. *Fees and Expenses*.  The Special Master will be paid $400 per hour for working time, plus reimbursement for reasonable travel and other expenses incurred by the Special Master.  The fees and expenses of the Special Master are to be divided evenly between the parties.  The Special Master may employ other persons to provide clerical and secretarial assistance; such persons shall be under the supervision and control of the Special Master, who shall take appropriate action to ensure that such persons preserve the confidentiality of matters submitted to the Special Masters for review.

    C. *Distribution*.  A copy of this Order shall be mailed by the Clerk to the Special Master and to liaison counsel for the parties.

**So Ordered.**

Digitally signed by David R. Herndon
Date: 2011.05.23 16:29:21 -05'00'

Honorable David R. Herndon
Chief Judge, United States District Court    Dated:  May 23, 2011,