| | |
|---|---|
| ------------------------------------------------------------ X | |
| IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND RELEVANT PRODUCTS LIABILITY LITIGATION : : : | 3:09-md-02100-DRH-PMF MDL No. 2100 |
| ------------------------------------------------------------ : | |
| **This Document Relates to:** | Judge David R. Herndon |
| **ALL CASES** | **ORDER** |

## ORDER REGARDING
## PERSONAL USE TESTIMONY

This matter comes to the Court for case management. A dispute has arisen with regard to Bayer eliciting deposition testimony from its present and former employees pertaining to the employees' personal use (or their family members' personal use) of the oral contraceptives at issue in this litigation. On June 6, 2011, the Plaintiffs' Steering Committee ("PSC") requested an order declaring any such testimony inadmissible (Plaintiffs' Personal Use Letter Brief, June 6, 2011 ("Pl. P.U. June 6, 2011")).[1] In the absence of any such order and to

---

[1] The PSC first brought this matter to the Court's attention on March 3, 2011, pursuant to paragraph A.4 of the deposition protocol, in relation to questioning during the deposition of Leslie North (March 3, 2011 Email from R. Denton to Chief Judge Herndon) (arguing that such testimony was self-serving, beyond the scope of plaintiffs' "direct" examination, and not relevant to any of the plaintiff's

the extent Bayer will be seeking to admit such testimony at trial, the PSC requests an order permitting discovery of the medical histories, including contraceptive use histories and potential adverse events, of all Bayer employees. *See Id.*

The PSC contends that testimony regarding Bayer's employees' or employees' families' personal use of the subject drugs is not relevant to any of the plaintiff's actions. *Id.* In addition, the PSC argues that this testimony will invite juries to draw the improper and prejudicial conclusion that company use equates to product safety. *Id.*[2] Bayer argues that to the PSC's relevance based objection should be reserved for ruling at trial (June 6, 2011 Email from J. Galvin to Chief Judge Herndon). As to the PSC's request for medical records, Bayer contends that the request is premature and overly broad (June 14, 2011 Email from J. Galvin to Chief Judge Herndon).

This Court is in a unique position. The primary purpose of the multi-district judge is marshal discovery in the consolidated cases. In an ideal world, during the course of that process, a value system can be developed with

---

actions). The parties, however, agreed to table the issue until a later date (March 3, 2011 Email from R. Denton to Debra Ward). The Court addressed other matters pertaining to the North deposition on March 4, 2011.

[2] The PSC's most recent briefing does not argue that the testimony is beyond the scope of their "direct" examination of the relevant witnesses (June 6, 2011 Email from R. Denton to Chief Judge Herndon). To the extent the PSC's objection is based on this argument, Bayer contends that the objection should be rejected because it is (1) an attempt to renegotiate the terms of the agreed-upon deposition protocol and (2) there is no legal basis for limiting Bayer's questioning of fact witnesses to those topics explored by plaintiffs' counsel in their initial examination of the witness. (June 6, 2011 Email from J. Galvin to Chief Judge Herndon).

permits the parties to come to a good faith means of ending all pending litigation so justice prevails as the subjective perception of that concept can be pursued. If discovery is complete and no one's concept of justice has yet been reached, the cases must be sent back to the district courts of proper venue. Consequently, this Court must be ever mindful that decisions which transcend discovery and breach the trial phase will necessarily tie the hands of trial judges throughout the nation. The issue at hand is one of those that has far-reaching trial implications.

Having carefully reviewed the papers submitted by the parties the Court concludes as follows:

1. As for the cases that will be tried in this venue, including the bellwether trials, this Court finds that evidence suggested by the defendant irrelevant. Just as the Court would not permit every other allegedly injured plaintiff in this broad ranging litigation to come to trial and tell the jury her story to bolster another plaintiff's case, it will not let a few employees say they think the product is great. The only evidence that is relevant is the particular plaintiff's evidence and the science that relates to that plaintiff and to the product as a whole. Other purely anecdotal evidence outside of that is rank irrelevance and has no place in the jury's consideration. Even if one were to conclude that such evidence was relevant, the Court finds that the prejudice to the plaintiffs far outweighs any probative value gleaned from introducing the evidence. It would be highly prejudicial for the jury to hear from some people who say they take the product, have their daughters take the product and haven't one day of

health problems as a result of it. On the other hand, where is the probative value from anecdotally taking an infinitesimal number of patients out of the entire patient population who have not had any problems with the product when the theory is not that every patient has problems, but that more than is advertised or warned will have problems and more than the FDA was led to believe would have problems? On balance, the evidence should not come in.

2. Having so ruled for the actions in this district, however, the Court will not rule so broadly in the MDL cases generally. Should Bayer choose to pursue this area of inquiry in order to preserve its desire to present the evidence in other courts, this MDL judge will allow Bayer the opportunity to question current and former employees' regarding their use or their family members' use of the subject drugs.

3. Any request to obtain the personal medical histories of *all* Bayer current or former employees, however, is overly broad.

4. Plaintiffs may proceed with seeking discovery of the relevant medical histories of each current or former employee that has testified regarding personal use of the subject drugs or any witness that Bayer intends to offer at trial for that purpose.

5. Issues pertaining to the scope of requests for individual employee medical histories cannot be addressed until formal discovery requests have been made and objections have been raised.

6. The Court will allow supplemental depositions of current or former Bayer employees that have testified regarding their personal use of the subject drugs for the limited purpose of questioning the deponent on this subject.

7. As to depositions of current or former Bayer employees that (1) have not yet been taken and (2) involve personal use testimony, the Court will allow supplemental depositions for the limited purpose of questioning the deponent on this subject if:

    a. plaintiffs have not received the deponent's relevant medical history by the time of the deposition and

    b. plaintiffs diligently attempted to obtain the deponent's relevant medical history by the time of the deposition.

**SO ORDERED.**

Digitally signed by David R. Herndon
Date: 2011.06.29 11:18:17 -05'00'

**Chief Judge**                                                         **Date: June 29, 2011**
**United States District Court**