**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

-------------------------------------------------------------       X

**IN RE YASMIN AND YAZ (DROSPIRENONE)**          **3:09-md-02100-DRH-PMF**
**MARKETING, SALES PRACTICES AND**
**RELEVANT PRODUCTS LIABILITY**                  **MDL No. 2100**
**LITIGATION**

-------------------------------------------------------------       **Judge David R. Herndon**

**This Document Relates to:**                    **ORDER**

**ALL CASES**


## ORDER

### I.   Introduction

Before the Court is Bayer's request for a ruling pursuant to the
Deposition Protocol (Case Management Order 28 ¶ A.4) on a recurring dispute
that has arisen during the depositions of Bayer witnesses.  The dispute involves
plaintiffs' questions pertaining to documents reviewed by the witness in
preparation for his or her deposition.  Bayer states that questions directed at (1)
determining any documents that refreshed the witness's recollection (Fed. R.
Evid. 612) and/or (2) identifying the documents reviewed by the witness in
preparation for the deposition *independent of counsel* are not objectionable
(June 6, 2011 Email from S. Weber to Chief Judge Herndon p. 1).  Bayer objects,
however, to questioning designed to elicit the identity of documents *compiled by*

*defense counsel* and reviewed by the witness in preparation for his or her deposition. *Id*.

Bayer contends that questioning directed at identifying the documents compiled by counsel in preparation for a witness's deposition improperly seeks a record of the thought processes of Bayer's attorneys, which constitutes work-product and is protected from disclosure. *Id*. at p. 2. Moreover, Bayer notes that it has produced all of the documents reviewed by any Bayer witness in preparation for his or her deposition. *Id.* Thus, Bayer argues, the only purpose of this line of questioning would be to learn which documents Bayer's counsel has identified as strategically significant – a result that would conflict with the basic purpose of the work-product doctrine. *Id*.

Plaintiffs maintain that identification and production of the information is required under Federal Rule of Civil Procedure 26(b)(1) and that defense counsel's compilation of otherwise non-privileged documents as part of deposition preparation is not entitled to work-product protection (June 8, 2011 Email from R. Denton to Chief Judge Herndon pp. 1-4). To the extent such information is entitled to work-product protection, plaintiffs argue that Federal Rule of Evidence 612 is controlling and requires that the information be identified and produced. *Id*. at p. 2, 4-6).

## II.    Analysis

### A.    Culmination of Documents *Selected by Counsel* is Subject to Work-Product Protection

As explained by the Seventh Circuit, the purpose of the work-product doctrine is to "establish a zone of privacy in which lawyers can analyze and prepare their client's case free from scrutiny or interference by an adversary." *Hobley v. Burge,* 433 F.3d 946, 949 (7th Cir. 2006).    The Seventh Circuit has not had occasion to address whether this "zone of privacy" extends to an attorney's compilation of material for his or her client to review in preparation for a deposition.  After reviewing relevant persuasive authority, the Court is convinced that the Third Circuit Court of Appeals decision in *Sporck v. Peil*, 759 F.2d 312 (3rd Cir. 1985), cert. denied, 474 U.S. 903 (1985), is consistent with the Seventh Circuit's view of the purpose and scope of the work-product doctrine.  In addition, the facts presented in *Spork* are directly on point.

In *Sporck*, the issue was whether an attorney's selection and compilation of documents for the client to review in preparation for his deposition constituted opinion work product.    759 F.2d at 316.    The Appellate Court answered affirmatively, concluding that "[i]n selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case." *Id*. (citation and internal quotation marks omitted).  The Court finds this reasoning persuasive.

The Court also notes that plaintiffs' reliance on *In Re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007 (1st Cir. 1988) is misplaced.[1] In *San Juan*, the First Circuit upheld the district court's order directing counsel to reveal the documents they selected for *use in the deposition*, prior to the deposition. *Id*. at 1015-17.   In so holding, the First Circuit emphasized the importance of the fact that counsel intended to use the allegedly protected material during the deposition.  *Id*. at 1018.  Thus, the Appellate Court reasoned, requiring counsel to provide a list prior to the deposition of documents he intended to use during the deposition merely adjusted the timing of the disclosure.  *Id*. at 1017-1018.    The *San Juan* Court specifically noted that *Sporck* was distinguishable because in *Sporck* the relevant documents were never meant to "see the light of day because the [documents] had been selected not for use in the examination of an adverse or neutral witness, but for a markedly more private purpose-preparation of the attorney's own client." *San Juan*, 859 F.2d at 1018.

Clearly, the facts present in the instant case more closely reflect the facts present in *Sporck*.  All of the documents plaintiffs are seeking have already

---

[1]   Plaintiffs also note and the Court acknowledges that there is disagreement amongst district courts with regard to whether such information is protected under the work-product doctrine (June 8, 2011 Email from R. Denton to Chief Judge Herndon).  Respectfully, this Court disagrees with those district courts that have found such information is not subject to work-product protection and is persuaded by the reasoning of the Third Circuit in *Sporck*.

been produced by Bayer during the normal course of discovery.[2]  Forcing Bayer to disclose the compilation would implicitly reveal the thought processes of the attorney who selected the documents and would allow plaintiffs to glean which documents, out of the millions already produced, opposing counsel believes are legally significant.  This result would be contrary to the principles underlying the work-product doctrine.  *See e.g., Mattenson v. Baxter Healthcare Corp.,* 438 F.3d 763, 767-68 (7th Cir. 2006) (the doctrine shields materials "on the theory that the opponent shouldn't be allowed to take a free ride on the other party's research, or get the inside dope on that party's strategy").   Accordingly, the Court finds that counsel's selection of documents in preparation for a client's deposition is shielded from discovery under the work-product doctrine.

**B.     Identification of Documents Reviewed by Witness Prior to   Deposition Without any Indication as to Which Documents Were Selected by Counsel is Not Subject to Work-Product Protection**

Identification of the documents or materials that a witness reviewed prior to his or her deposition - without designating which, if any, of the documents were selected by counsel – does not implicate the same work-product concerns discussed in Section A, above.  In this regard, the Court finds that Bayer has not met its burden of demonstrating that the information sought is subject to work-product protection.   Accordingly, the Court finds that the documents or materials reviewed by a witness prior to his or her deposition – so long as

---

[2]   Bayer states that it has already produced all of the documents reviewed by Bayer witnesses during their deposition preparation (June 6, 2011 Email from J. Galvin to Chief Judge Herndon, p. 2).

identification does not reveal which, if any, documents were selected by counsel, are discoverable.

## C.   Federal Rule of Evidence 612

Federal Rule of Evidence 612[3] states in relevant part:

> [I]f a witness uses a writing to refresh memory for the purpose of testifying, either-
>
> > (1)  while testifying, or
> > (2)  before testifying, if the court in its discretion determines it is necessary in the interests of justice,
>
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

Fed. R. Evid. 612.

After reviewing the relevant authority and the parties' arguments, the Court is convinced that Rule 612 is not intended to be used as a general discovery device. Instead, Rule 612 is intended for use when, during a deposition, deposing counsel elicits testimony demonstrating a loss of memory on the part of the witness and a specific document is used to refresh that memory for the purpose of testifying. Fed. R. Evid. 612(1). In this situation, opposing counsel is entitled to examine the document and to test the accuracy of the witness's refreshed memory.

---

[3]   Rule 612 is applicable to depositions by operation of Federal Rule of Civil Procedure 30(c).

If memory refreshing occurred prior to the deposition, Rule 612(2) requires disclosure "if the court in its discretion determines it is necessary in the interests of justice."  Fed. R. Evid. 612(2).[4]  In addition, invocation of Rule 612 requires the establishment of foundational facts.  In particular, the questioner must elicit testimony demonstrating (1) loss of memory on the part of the witness, (2) use of a specific document to refresh that memory, (3) actual refreshment of memory, and (4) intent to use the document for the purpose of testifying.  Fed. R. Evid. 612(2).

Considering the above, the Court is convinced that the specific work-product material at issue – counsel's opinion of which documents are legally significant reflected by counsel's compilation of deposition preparation materials – is not implicated when Rule 612 is properly applied.  As the *Sporck* Court explained, when the questioner establishes the requisite foundational facts, identification of materials used to refresh memory "would relate to specific substantive areas raised by [the questioner]" and [plaintiffs], would receive only those documents which deposing counsel, through his own work product, was incisive enough to recognize and question [the deponent] on."  *Sporck*, 759 F.2d at 318-19.

---

[4]  Pursuant to Rule 612, an adverse party is entitled to production of a writing used by a witness to refresh his or her memory prior to testifying only if the court determines production is necessary "in the interest of justice."  Fed. R. Evid. 612(2).   The House Judiciary Committee specifically amended Rule 612 to include a distinction for material reviewed in advance of testifying to prevent "fishing expeditions among a multitude of papers which a witness may have used in preparing for trial." Fed. R. Evid. 612 Advisory Committee Notes.

**Summary**

**A.    Materials Reviewed in Preparation for Deponent's Deposition are Discoverable, However, Plaintiffs are Not Entitled to Know Which – if any – Materials Were Selected by Counsel**

Plaintiffs' counsel will be permitted to inquire of Bayer's witnesses the complete list of documents and materials the witness reviewed prior to and in preparation for the deposition.   Plaintiffs will be permitted to request that complete list prior to the start of each deposition and it will be produced no later than 72 hours before the start of the deposition and supplemented as needed up to the start of the deposition.   Plaintiffs' counsel is not entitled to discover nor inquire of the witness which of the documents and materials were specifically designated by defense counsel, or anyone acting on behalf of defense counsel, or whether, as a preparation matter, defense counsel specifically wanted the witness to examine the material in preparation for the deposition.   Counsel's designation and compilation of materials to review with a witness prior to his or her deposition reflects counsel's thought processes and opinions with regard to which documents are legally significant and is therefore protected from disclosure under the work-product doctrine.

**B.    Material Used to Refresh Deponent's Memory; Rule 612**

The same principle applies with the application of FRCP 612.   Where the questioning attorney establishes the appropriate foundation under Rule 612(2), it is the ruling of the Court that, in the interest of justice, plaintiffs are

entitled to a complete listing of all documents and materials used to refresh a Bayer witness's memory in preparation for the deposition. Identification of such materials, however, will be without any distinction as to who chose which document or material for such examination. Naturally, if a witness needs her memory refreshed during testimony and must refer to a document, that document must be identified and can be examined by plaintiffs' counsel but without the right to examine the witness as to who chose the document originally for inclusion in the overall set of documents for deposition preparation. For example an <u>inappropriate</u> question would be, "Is the reason you can't remember this document as well as the others because you didn't choose it but your lawyer included it with all the others and you're just not as familiar with it?"

The selection by defense counsel of which documents a witness shall review is protected by the work-product doctrine and, therefore, counsel for plaintiffs shall not be allowed to inquire of any witness any line of questions designed to draw a distinction between which documents and materials the witness chose to review in preparation for the deposition and which documents and materials counsel chose for that preparation.

**SO ORDERED:**

Digitally signed by
David R. Herndon
Date: 2011.06.29
11:15:41 -05'00'

**Chief Judge**                                                          **Date: June 29, 2011**
**United States District Court**