UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100<br><br>Hon. David R. Herndon |
| This Document Applies To All Actions | |

## CASE MANAGEMENT ORDER NO. 34
(Production of Prior Testimony By Bayer Witnesses)

This Case Management Order having been brought to the Court upon agreement by Counsel for the Parties, shall apply to all depositions taken in this MDL of employees of Bayer defendants (including former Berlex or Schering employees) other than when a witness is designated to give testimony pursuant to Rule 30(b)(6), whether by direct notice or cross-notice, in this MDL. Accordingly, it is hereby Ordered:

1) The Bayer defendants, through their counsel ("collectively Bayer"), shall make a good faith effort to provide to Plaintiffs' Liaison Counsel at least 21days before any deposition of any of its current or former employees (including former Berlex or Schering employees) all "Prior Testimony" (as that term is defined in ¶¶ 2 and 3 herein) given by that witness on behalf of any defendant in this litigation or a predecessor or affiliated company related to any prescription medicine or medical device, whether the prior testimony was given in the U.S. or in another country:

a. For any Hormonal Contraceptive Bayer shall provide any Prior Testimony given on or after January 1, 1995; and

b. For non-Hormonal Contraceptives Bayer shall provide any Prior Testimony given in connection with a prescription medicine or medical device where any litigation or administrative hearing over that drug or device began after January 1, 2002.

For depositions that are currently scheduled to be taken on or before February 28, if it is not reasonably practical to produce prior testimony 21 days in advance of the depositions, Bayer shall provide such prior deposition testimony as soon as is reasonably practical in advance of such depositions but in no event less than 7 days before the deposition is to take place.

2) Prior testimony shall include but not be limited to oral or written testimony given at (a) a deposition, hearing or trial relating to any litigation, (b) Administrative hearings such as Congressional Hearings, FDA Hearings, or hearings held by other administrative agencies (*e.g.*, EMEA), or (c) any Affidavit, Declaration, or any other written witness statement. Prior Testimony shall be produced regardless of whether it was given on behalf of Bayer or any Bayer affiliated company or predecessor in interest to Bayer, such as Berlex or Schering.

3) When Prior Testimony is in the form of a transcript, it shall be provided in .ptx or .txt electronic format when it is reasonably available in that format. Where it is not reasonably available in that format Bayer shall produce transcripts in .pdf format both in manuscript format as well as fill page format when both are

reasonably available.

4) Prior Testimony shall not include testimony relating to securities litigation, Average Wholesale Pricing litigation, Patent litigation (unless such testimony is related to Yaz, Yasmin, or Ocella), or FTC litigation.

5) Bayer and its counsel shall meet their obligation to investigate the existence of prior testimony by: (a) asking Bayer's in-house legal counsel about the existence of prior testimony as defined herein, (b) asking the witness if he or she has given any prior testimony as defined herein, and (c) and asking appropriate United States based outside counsel about the existence of prior testimony as defined herein.

6) For sales representative deposition transcripts, Bayer shall satisfy its obligation by asking the sales representative if they have previously been deposed. For the current Bellwether cases operating under the deadlines of CMO #24, the production of any such transcripts shall be made as soon as reasonably in advance of such depositions but in no event less than three business days before the deposition is to take place. For any other sales representative depositions that may occur in the future, the timing of such production shall comply with ¶ 1, above.

**It is So Ordered this 25th day of July 2011.**

Digitally signed by
David R. Herndon
Date: 2011.07.25
10:33:10 -05'00'

**David R. Herndon
Chief United States District Judge**