# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND RELEVANT PRODUCTS LIABILITY LITIGATION | : : : : : : | **3:09-md-02100-DRH-PMF** <br><br> **MDL No. 2100** <br><br> Judge David R. Herndon |
| This Document Applies To All Actions | : : | |

**ALL CASES**

# CASE MANAGEMENT ORDER NUMBER 36

## Regarding Plaintiffs' Request to Alter Bellwether Procedure

Before the Court is a dispute between the plaintiffs and the Bayer defendants regarding the procedure to follow after the first bellwether trial. Plaintiffs argue that efficiencies would be well served by consolidating cases for the following round of trials. It is submitted that trying cases one plaintiff at a time from now through eternity will do just that, commit this litigation to a lifespan of eternity. Plaintiffs see no current movement by the defense to seek a compromise in the form of settlement discussions.

The Bayer defendants argue that the Court's Amended Case Management Order No. 24, the bellwether trial selection plan, and the follow-up to that for the first trial, Case Management Order 32, worked well and should be adhered to with further orders and new deadlines for bellwether trials two and three. They further argue that it

would be inappropriate to try more than one plaintiff in a single trial given different medical conditions, with an array of medical records and doctors.

Both parties cite to a number of MDL cases where the judges presiding refused to proceed with consolidated cases for bellwether purposes and where the judges found it more efficient and effective to proceed with consolidated cases for bellwether trials.  Each concedes that this Court has the discretion to make the determination on how best to proceed.  It is a common tack for both sides to draw on their experiences and those of fellow litigators in other MDL cases.  The website for the Judicial Panel on Multidistrict Litigation has available for MDL judges a number of resources, including the names of a number of experienced judges to contact for discussing various issues.  This judge has contacted and will contact on a frequent basis the judges who authored orders that the parties herein cite on a regular basis since they are judges with whom he is personally familiar from past judicial conferences.  Moreover, the Manual for Complex Litigation (Fourth) (2004) (the "Manual") is a valuable resource to draw upon, and the parties both drew upon it for numerous references in arguing both sides of this dispute.

Mass torts is a sub-specialty within the practice of law and past experiences are often very helpful.  However, as much help as all such resources are, there is no one recipe that is right for every mass tort case.  Each case must stand on its own facts and unique circumstances.  A judge must recognize that which works in one case may not work in another.  In one case, the lawyers may always agree, while in another, agreement may be a precious commodity.  What is important is that the judge recognize what will work best in the case over which he or she is presiding and implement that which will move the litigation to an expeditious conclusion.

The Court has no intention of presiding over anything into eternity, let alone this litigation, and the Court is presently working on a process that will engage the parties in settlement discussions following the bellwether trials in a meaningful way. This comes as a surprise to the parties since the Court has not, until this moment, revealed this plan to the parties, but the Court assures all concerned that when the time is appropriate each party will be given input in the process. No party has yet excluded the possibility of engaging in meaningful settlement discussions, there have only been disagreements about when those efforts should begin.

Before entering into Case Management Order No. 24 and eventually No. 32, this Court heard a great deal of argument, from all sides, about how best to move this litigation forward. Parties argued and reargued, changed positions, and emphasized some aspects of the issues over others, then different issues over those. A great deal of time and effort went into fashioning a trial plan. The Court examined every MDL bellwether plan in the country. The Manual was examined. The trial plan in this case was tailored to this case, with consideration to how these kinds of plans have worked historically. Discovery, both generic and case specific, has been pursued at a hectic pace. The plaintiffs have been pushed, they assert from time to time, to the breaking point. Supplemental discovery, though not as much as requested, has now been allowed for the defendants. While plaintiffs, in this MDL and through the deposition protocol in consolidated dockets in California, New Jersey and Pennsylvania, have taken corporate employee and ex-employee depositions by the dozens to date, the defendants have yet to pursue discovery other than that which is directed at the bellwether trial cases, plaintiff fact sheets and medical record gathering per authorizations. Since the defendants have medical records releases, when a fair number of plaintiff fact sheets have proven

inaccurate, the Court determined the best way to move the litigation to the next step was to allow a number of plaintiffs depositions to be taken, a step vociferously opposed by plaintiffs.

Now plaintiffs assert that the litigation is not moving fast enough and consolidated bellwether trials are in order. Once again, the plaintiffs have taken a contradictory position. It is clear to the Court, that nothing has changed from the nature and circumstances of this litigation from what the Court considered when it first entered Case Management Order No. 24, which then resulted in Case Management Order No. 32. Therefore, the Court will not consolidate plaintiffs or cases for bellwether trial 2 and 3. Those, trials will proceed as originally contemplated and shall be individual plaintiffs. Trial 2 shall be a gall bladder case and trial 3 shall be a VTE case. The proposed order submitted by the defendant shall be entered in principal.

While not the subject of the arguments before the Court, this ruling does not in any way affect subsequent trials. This ruling does not preclude consolidated trials beyond the third bellwether trial. There is no contemplation by the Court that Case Management Order No. 24 necessarily locks it into a one on one trial forever in an endless pattern of like trials. That is a matter that will have to be reached at another time.

**SO ORDERED**

David R. Herndon
2011.08.18
15:40:15 -05'00'

**Chief Judge**  
**United States District Court**                                    **Date: August 18, 2011**