**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

**ALL CASES**

## CASE MANAGEMENT ORDER NUMBER 40
### Defendants' Expert Witness Reports

**HERNDON, Chief Judge:**

This matter is before the Court on plaintiffs' motion to strike the Bayer defendants' ("Bayer") disclosure under Federal Rule of Civil Procedure 26(a)(2)(C) ("Rule C").[1]  Bayer has disclosed seven of its employees as Rule C expert witnesses and simultaneously provided a Rule C summary disclosure statement for each witness.  Plaintiffs contend that the disclosed witnesses are required to provide expert witness reports that comply with Federal Rule of Civil

---

[1] Effective December 1, 2010 several amendments to Rule 26 of the federal Rules of Civil Procedure were adopted.  The amendments did not alter the specific categories of experts who are required to provide Rule B expert reports (such as expanding the categories of experts who are required to provide Rule B reports).  Instead, Rule C was adopted.  Rule C specifically requires a less detailed report from non-Rule B experts.  The committee notes that accompany this amendment clearly indicate that Rule C was formulated to address the practice of requiring detailed Rule B reports from non-Rule B witnesses.  At the same time, Rule C addresses concerns regarding notice and fair play by requiring a less detailed summary disclosure from non-Rule B witnesses.

Procedure 26(a)(2)(B) ("Rule B"). In other words, plaintiffs contend that the disclosed witnesses have been "retained or specially employed" to provide expert testimony in this case and/or that the witnesses are party employees "whose duties [as a party employee] regularly involve giving expert testimony."[2] Plaintiffs ask the Court to require Rule B reports from each witness or, in the alternative, to strike each witness's testimony. In addition, plaintiffs argue that even if the disclosed employee witnesses are only required to provide a Rule C report, the reports that have been provided are inadequate under Rule C.

Prior to enactment of the December 1, 2010 amendments to Rule 26, a practice had emerged (in some courts) of requiring detailed Rule B reports from all expert witnesses – even those witnesses who plainly did not fall within the class of experts contemplated by the plain language of Rule B.[3] The amendments

---

[2] Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) two types of experts must provide detailed Rule B expert reports: (1) experts who are „retained or specially employed to provide expert testimony in the case" and (2) experts employed by a party „whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

[3] *See e.g.*, *Prieto v. Maylgor*, 361 F.3d 1313 (11th Cir. 2004) (excluding a group of experts from providing *any* expert report was contrary to the underlying purpose of Rule 26 and requiring Rule B reports from non-Rule B experts despite the plain language of Rule 26). Not all courts, however, followed this reasoning sticking instead to the plain language of Rule B. *See e.g., Watson v. U.S.,* 458 F.3d 1100, 1107-1109 (10th Cir. 2007) (regardless of the court's view of plaintiff's "wish that all experts be required to supply written reports, it is our office to apply, not second guess, congressionally approved policy judgments, and that judgment, delineated by the plain terms of Rule 26, did not include a requirement of a report in this case. If a different balance is to be struck with respect to the costs and benefits of expert reports, it must be accomplished through the mechanisms approved by Congress").

to Rule 26 were clearly designed to address this practice and to reduce the number of experts who are required to provide detailed Rule B reports.[4] Thus, on one hand, the recent amendments to Rule 26 were designed to clarify that Rule B reports are only required from those experts expressly identified in Rule B. On the other hand, the amendments seek to promote notice and fair play by requiring a less detailed summary disclosure under Rule C for non-Rule B experts.

In the instant case, the seven disputed witnesses are Bayer employees whose duties as Bayer employees do not regularly involve giving expert testimony. In addition, the disputed witnesses have not been "retained or specially employed" by Bayer to provide expert testimony in this case. Accordingly, under the plain language of Rule B, these witnesses are not required to provide Rule B reports. These witnesses are, however, required to provide summary disclosures in compliance with Rule C.

In reviewing the summary disclosures provided by Bayer, the Court concludes that the disclosures do not meet the requirements of Rule C and must be appropriately supplemented. Although a Rule C disclosure need not be as

---

[4] *See* Ad. Comm. Notes to 2010 Amends. "This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement. An (a)(2)(B) report is required only from an expert described in (a)(2)(B). *See also e.g., Allstate Ins. Co. v. Nassiri,* 2:08-cv-00369-JNM, 2011 WL 297546 (D. Nev. July 21, 2011) (Foley, M.J.) ("the fact that the Committee and the Supreme Court chose not to amend Rule 26(a)(2)(B) to adopt [an expanded categories of experts who must provide Rule B reports], but, instead, expanded the disclosures required for expert witnesses who are not required to prepare reports, supports [the view that only Rule B experts must provide Rule B reports]."

detailed as a Rule B disclosure, it must still provide the opposing party with adequate notice of (1) the subject matter on which the witness is expected to present evidence and (2) a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). The present disclosures – at most – provide notice as to the subject matter on which each witness is expected to testify. The disclosures fall well short of providing sufficient information as to the facts and opinions to which these witnesses will testify. Accordingly, the Court hereby **ORDERS** Bayer to supplement its Rule C disclosures in accordance with this Court's Order and with the requirements of Rule C.

**SO ORDERED**

David R. Herndon
2011.09.14 20:53:47
-05'00'

**Chief Judge**  Date: **September 14, 2011**
**United States District Court**

4