**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

------------------------------------------------------------ X

| | |
|---|---|
| **IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **3:09-md-02100-DRH-PMF**  **MDL No. 2100** |
| ------------------------------------------------------ | **ORDER** |
| **This document relates to:** | |
| *All Cases* | |

# CASE MANAGEMENT ORDER NUMBER 42
### Regarding Plaintiffs' Motion to Compel Supplemental Disclosures

## I. INTRODUCTION

**Herndon, Chief Judge:**

      This matter is before the Court on plaintiffs' motion for an order compelling Bayer to re-supplement its employee-expert disclosures or be precluded from offering its employee-expert witnesses to testify at trial (Doc. 1995).[1] Plaintiffs contend that Bayer's supplemental disclosures provide little additional substance and are not sufficient under Federal Rule of Civil Procedure

---

[1] On September 15, 2011, the Court concluded that the experts in issue were in fact employee-expert witnesses subject to the disclosure requirements of Federal Rule C (CMO 40 Doc. 1970). The Court found that although Rule C requires a less detailed report than Rule B, the initial disclosures did not meet the requirements of Rule C. *Id*. Therefore, the Court directed Bayer to supplement its Rule C expert disclosures accordingly. *Id*. Bayer provided plaintiffs with supplemental Rule C disclosures on September 27, 2011 (Doc. 1995 p. 1 n.1). The sufficiency of the September 27th supplemental disclosures is now in dispute.

26(a)(2)(C) ("Rule C").  *Id*.  Bayer contends that its supplemental disclosures are compliant with Rule C and with the Court's September 15th Order (CMO 40 Doc. 1970) directing Bayer to supplement the disputed disclosures (Doc. 1999).

## II. RULE 26 DISCLOSURE REQUIREMENTS

Federal Rule of Civil Procedure 26(a)(2)(B) ("Rule B") requires detailed expert disclosures from two types of experts: (1) experts who are "retained or specially employed to provide expert testimony in the case" and (2) experts employed by a party "whose duties as the party's employee regularly involve giving expert testimony."  Fed. R. Civ. P. 26(a)(2)(B).  To be sufficient, Rule B reports must provide (1) "a complete statement of all opinions the witness will express and the *basis and reasons for them*" and (2) "the facts or data *considered by the witness in forming them*."  *Id*. (emphasis added).

Effective December 1, 2010, several amendments to Rule 26 of the federal Rules of Civil Procedure were adopted, including the adoption of Rule C.  Rule C was adopted, in part, to clarify that certain witnesses (employee witnesses whose duties do not regularly involve giving expert testimony and witnesses who have not been "retained or specially employed" to provide expert testimony) are not required to provide detailed Rule B disclosures (*See* CMO 40 Doc. 1970 and the Court's discussion therein).  Instead, Rule C expert witnesses are only required to provide a less detailed Rule C disclosure.  *Id*.

Pursuant to Rule C, to be sufficient, the disclosure must provide (1) "the subject matter on which the witness is expected to present evidence" and (2) "a summary of the *facts and opinions* to which the witness *is expected to testify*." Fed. R. Civ. P. 26(a)(2)(C).

## III. ANALYSIS

A review of the plain language of Rule C demonstrates that the facts the disclosing party is required to provide are not tied to the witness's opinions. Instead, Rule C requires a summary of the "*facts and opinions* to which the witness is *expected to testify*." Clearly, pursuant to the plain language of Rule C (and unlike the express requirement found in Rule B), the disclosing party is not required to provide the facts upon which the non-retained expert relied for his or her opinion. Rather, Rule C unambiguously states that the "facts" and "opinions" which must be provided are two distinct concepts. Therefore, it is the ruling of the Court that to satisfy Fed. R. Civ. P. 26(a)(2)(C) a party, and at issue here it the defendant Bayer, need only disclose a summary of facts and a summary of opinions about which its otherwise non-reporting experts will be testifying. In that way, the requirements of this portion of Rule 26 are much less than 26(a)(2)(B).

Even if one could suggest that the language in Rule C is ambiguous, the recorded proceedings of the Committee make it clear that the standard of less

disclosure (rather than more) is to be required by district courts in Rule C disclosures.  *See* Ad. Comm. Notes to 2010 Amendments.

That being said, the Court takes umbrage with Bayer's designation of what it asserts to be factual disclosures.  For example, with regard to one of the employee-experts, Bayer's supplemental disclosure states:  "To the extent he does so, <u>his testimony will be consistent with what is reflected in [the produced study reports]…</u>" (Doc. 2000-1) (underlining replaces highlighting).  Bayer contends that the underlined portion of this statement is a factual disclosure.  *Id*. In other words, Bayer reports that one of its factual disclosures is this witness will be consistent to the extent that he is consistent about the produced study reports.  That is to say, it is disclosing a fact contingent upon another fact.  The Court does not consider a fact based on a contingency to be a fact.

Further, in many of the sentences designated by Bayer to be factual, there are descriptive subjective words.  The descriptive subjective words, which are often in critical roles in the relevant sentences, change the nature of the disclosure – making the sentence an opinion as opposed to a fact.  An illustration of the kind of words to which the Court refers includes, "marked variation," "considerable first pass metabolism," "not completely," "some degree," "high degrees," "large inter-subject," "considered clinically insignificant," "are quite comparable," "there is no evidence that," "is consistent with," "is essentially identical to," "are essentially the same," and "incidence rates are the best means." Of course, there is no requirement in the rule that a party delineate in its

disclosure which are facts and which are opinions and in the ordinary course of litigation it would not be difficult to discern that distinction. Reasonable minds can disagree about anything and it is clear that concept is fervently viable in this litigation. Many of the highlighted passages that defendant thereby asserts to be factual statements could, in the Court's mind be either fact or opinion, depending upon the state of the science of the case. Many passages have highlighting for only a portion of the sentence structure. The portion highlighted appears to be factual, but if the balance of the sentence is highlighted it seems to change the complexion of the sentence to one of an opinion. How, then, can it be that the sentence is factual if to make it so one has to exclude a portion of it?

In conclusion, considering the plain language of Rule C, the Court concludes that the supplemental disclosures are sufficient. Requiring anything additional would contradict the unambiguous language contained in Rule C. Plaintiffs' motion to compel or strike is therefore denied. With the highlighting required by the Court, plaintiffs and the Court are advised regarding what the defendant asserts is fact versus opinion. The Court will not require anything more under the rule and because of the rule.

The Court will take an additional moment to note the dispute with regard to Dr. Blode. The parties' submissions indicate that there is an issue with regard to the location of Dr. Blode's deposition. As the Court understands the

parties' submissions, the location of Dr. Blode's deposition is not yet in dispute.[2] Clearly, the resolution of the issue (and the reason the Court required the demonstrative material) relates to the relative prejudice and burdens on the parties. Such a balancing act will be determined largely from examining dates and locations of depositions near the proposed date for the Blode deposition. If the parties are not able to resolve that dispute in <u>very short order</u> either side should notify the Court and the Court will promptly resolve the issue of where the deposition is to be taken. As alluded to above, the Court will need to know the proposed date(s) of said deposition so that the Court can effectively weigh the burdens and prejudices. It would also be helpful to know what kind of document shipping requirements there will be, if that can be revealed without a work product challenge that is insurmountable.

**SO ORDERED**

Digitally signed by David R. Herndon
Date: 2011.10.07 15:31:29 -05'00'

**Chief Judge**                                                                 **Date: October 7, 2011**
**United States District Court**

---

[2] The Court directed plaintiffs to submit supplemental material in anticipation of this issue (Doc. 1998). Which the plaintiffs did via email on October 6, 2011.