# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | ) | |
|---|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

**ALL CASES**

## CASE MANAGEMENT ORDER NO. 43

### PRE-TRIAL SCHEDULE FOR BELLWETHER TRIALS
### (Pulmonary Embolism Round)

This matter, having been opened to the Court by counsel for the Parties, and good cause appearing;

The Bellwether Trial Schedule (Doc. 1771), entered on June 9, 2011, sets forth deadlines for a variety of events associated with the bellwether Pulmonary Embolism ("PE") trials, including expert disclosures, expert discovery, *Daubert* motions, dispositive motions, and trial dates. This CMO is intended to supplement the Bellwether Trial Schedule and provides deadlines for other pre-trial events for the first four PE trials. The parties have agreed, and **IT IS HEREBY ORDERED** that:

**I.    WITNESS LISTS**

1.    Plaintiffs shall serve witness lists in the *Sims* case by November 9, 2011 and witness lists in the *Bradish*, *Fender*, and *Laforet-Neer* cases by November 16, 2011.

2.    Defendants shall serve witness lists in the *Sims* case by November 21, 2011, and witness lists in the *Bradish*, *Fender*, and *Laforet-Neer* cases by November 28, 2011.

1

3. Witnesses not included on a party's witness list shall not be called at trial absent agreement of the parties or a showing of good cause as to why the witness was not included on the witness list. The witness list shall tentatively state whether the proposed witness will be called live, by deposition, or both. The parties shall inform each other of changes in whether a witness will be called live or by deposition no later than ten days before trial. The parties shall use their good faith efforts to accurately inform each other of the manner of the witnesses testimony. In no event shall a witness who was not on the witness list and who has not been deposed appear live at trial.

4. If either party discloses a fact witness who has not previously been deposed in this litigation, the opposing party shall be permitted to depose that witness. Any deposition conducted pursuant to this provision must be completed within 30 days of the opposing party's receipt of the witness list or upon agreement by counsel. To the extent either side designates more than three fact witnesses who have not been previously deposed, the time limit shall be increased to 45 days and/or the other side may seek other relief from the Court, as may be necessary and warranted.

5. Nothing in paragraphs 1-4 shall prohibit plaintiff from calling any witness during rebuttal or defendants from calling any witness during sur-rebuttal as may be necessary provided that said witness has been deposed in this litigation.

II. **DEPOSITION DESIGNATIONS**

6. Plaintiffs shall serve page/line designations of deposition testimony in the *Sims* case by November 21, 2011, and page/line designations of deposition testimony in the *Bradish*, *Fender*, and *Laforet-Neer* cases by November 28, 2011.

7. Defendants shall serve (a) page/line counter-designations of deposition testimony, (b) objections to plaintiffs' page/line deposition designations, and (c) affirmative page/line designations of deposition testimony in the *Sims* case by December 5, 2011, and (a) page/line counter-designations of deposition testimony, (b) objections to plaintiffs' page/line deposition designations, and (c) affirmative page/line designations of deposition testimony in the *Bradish*, *Fender*, and *Laforet-Neer* cases by December 12, 2011.

8. Plaintiffs shall serve (a) page/line counter designations of deposition testimony, (b) objections to defendants' page/line counter-designations, and (c) objections to defendants' affirmative page/line counter-designations in the *Sims* case by December 19, 2011, and (a) page/line counter-designations of deposition testimony, (b) objections to defendants' page/line counter-designations, and (c) objections to defendants' affirmative page/line counter-designations in the in the *Bradish*, *Fender*, and *Laforet-Neer* cases by December 28, 2011.

9. Defendants shall serve objections to plaintiffs' page/line counter-designations in the *Sims* case by December 28, 2011, and objections to plaintiffs' page/line counter designations in the *Bradish*, *Fender*, and *Laforet-Neer* cases by January 5, 2012.

10. All page/line designations, counter-designations, and objections shall be exchanged by the parties in an Excel format to be agreed on by the parties.

### III. EXHIBIT LISTS

11. Plaintiffs shall serve an exhibit list in the *Sims* case, which shall include either the document production number (*i.e.*, bates number, if applicable) or a description of the document (if there is no bates number) by November 21, 2011. An electronic copy of the exhibits shall also be provided on or before November 21, 2011. Plaintiffs shall serve exhibit

lists in the *Bradish*, *Fender*, and *Laforet-Neer* cases, which shall include either the document production number (*i.e.*, bates number, if applicable) or a description of the document (if there is no bates number) by November 28, 2011. An electronic copy of the exhibits shall also be provided on or before November 28, 2011, to the extent the exhibit was not already provided in the *Sims* exhibit list. Demonstrative exhibits are exempt from this paragraph.

12. Defendants shall serve their exhibit list in the *Sims* case, which shall include either the document production number (*i.e.,* bates number, if applicable) or a description of the document (if there is no bates number), by November 30, 2011. An electronic copy of the exhibits shall also be provided by November 30, 2011. Defendants shall serve any objections to plaintiff's exhibits in the *Sims* case by December 7, 2011. Defendants shall serve their exhibit lists in the *Bradish*, *Fender*, and *Laforet-Neer* cases, which shall include either the document production number (*i.e.*, bates number, if applicable) or a description of the document (if there is no bates number), by December 7, 2011. An electronic copy of the exhibits shall also be provided by December 7, 2011. Defendants shall serve any objections to plaintiffs' exhibits in the *Bradish*, *Fender*, and *Laforet-Neer* cases by December 14, 2011. Demonstrative exhibits are exempt from this paragraph.

13. Plaintiff shall serve any objections to defendants' exhibits in the *Sims* case by December 16, 2011. Plaintiffs shall serve any objections to defendants' exhibits in the *Bradish*, *Fender*, and *Laforet-Neer* cases by December 23, 2011.

14. The parties shall have the right to supplement their exhibit list(s) in light of any and all ongoing discovery including depositions of defense witnesses and/or document productions from defendants, including but not limited to document productions that have been so ordered by Chief Judge David Herndon in accordance with recent Case Management

Conferences. Any supplement to an exhibit list under this paragraph shall be limited to documents produced after September 12, 2011, and must be made as soon as practicable but in no event later than seven days prior to trial unless good cause is shown.

15. With the exception of paragraph 14, above, exhibits not included on a party's exhibit list (except exhibits used for impeachment or rebuttal) shall not be received into evidence absent agreement of the parties or a showing of good cause as to why the exhibit was not included on the exhibit list.

16. Hearings on evidentiary issues, including exhibit objections and motions *in limine*, will be held on December 27, 28 and/or 29, 2011 as the parties and the Court determine.

## IV.   **MOTIONS *IN LIMINE***

17. The schedule for submission of motions to exclude testimony by putative expert witnesses on *Daubert*-related grounds is set forth in the Operative Bellwether Trial Schedule. Briefs in support of *Daubert*-related motions to exclude expert testimony and responses shall be limited to 20 double-spaced pages; replies shall be limited to 10 double-spaced pages absent agreement of the parties or leave of Court. The following provisions apply to all other motions *in limine*.

18. Other motions *in limine* shall be filed in the *Sims* case by November 18, 2011, and motions *in limine* in the *Bradish*, *Fender*, and *Laforet-Neer* cases by November 30, 2011.

19. Responses in opposition to motions *in limine* shall be filed in the *Sims* case by December 5, 2011, and responses in opposition to motions *in limine* in the *Bradish*, *Fender*, and *Laforet-Neer* cases by December 16, 2011.

5

20.     Any reply in support of a motion *in limine* shall be filed in the *Sims* case by December 15, 2011, and any Reply in support of a motion *in limine* in the *Bradish*, *Fender*, and *Laforet-Neer* cases by December 27, 2011.

21.     The following apply to all *in limine* motions:

    a)     <u>Index to Motions *in Limine*</u>:  All Parties filing more than one *in limine* motion shall submit to the Court and to the opposing party an "Index to Motions *in Limine*" The Opposing Party shall file, and provide to its opponent, within two days after replies are due, a copy of the "Index to Motions in Limine" indicating whether the Motion is Opposed or Un-Opposed.

    b)     <u>Attachments to Motions *in Limine*</u>:  Any Party filing an *in limine* motion seeking an evidentiary ruling on a category of documents, testimony, or argument shall attach to the *in limine* motion document(s) or testimony on which it seeks a pre-trial ruling.  A Party responding shall attach any document or testimony that it deems is necessary for the Court to fully consider the evidentiary issue presented.

    c)     <u>Page Limitations</u>:  *In Limine* motions and responses shall be limited to 10 double-spaced pages; replies shall be limited to 6 double-spaced pages absent agreement of the parties or leave of Court.

    d)     If a filing or responding Party seeks to have the ruling on an *in limine* motion applied globally to all cases in this consolidated litigation, the party shall submit a form or order that indicates as much.

22.     Hearings on evidentiary issues, including exhibit objections and motions *in limine*, will be held on December 27, 28 and/or 29, 2011 as the parties and the Court determine.

### V. JURY QUESTIONNAIRE, VOIR DIRE, AND INSTRUCTIONS

23. The parties will exchange proposed jury questionnaires for each of the four PE trial picks (*Sims, Bradish*, *Fender*, and *Laforet-Neer*) on or before December 1, 2011. The parties shall thereafter work toward agreement and shall submit an agreed jury questionnaire, along with any disputed questions/sections, to the Court by December 14, 2011.

24. Pursuant to the Court's Case Management Procedures, each party shall be given the opportunity to inquire of the panel. If either side would like the Court to ask particular questions of the panel, such questions shall be submitted to the Court and the other party at least five days prior to trial.

25. The timing for exchange and submission of Jury Instructions and a Jury Verdict Sheet by the parties shall be governed and memorialized in a subsequent Case Management Order or by agreement of counsel.

### VI. TRIAL GUIDELINES

26. Given the nature of this trial, including the extraordinary amount of documents and preparation, the parties agree that disclosure of witnesses to be called to testify shall be made 48 hours in advance of the witness testifying. Any new witness for a Monday shall be disclosed on Friday before 11:00 p.m. (Central Standard Time).

27. For opening statements and closing arguments the parties shall follow this Court's Case Management Procedures.

28. Upon 10 days notice, either party shall be permitted to divide its opening statement and/or closing argument by and between its co-counsel. However, if an opening statement or closing argument is to be divided by and between counsel, the attorneys who are dividing it shall not present the same arguments.

29. Demonstrative Evidence or other visual aids, including but not limited to Power Point, may be utilized in opening statements and/or closing arguments so long as copies of the materials are provided to opposing counsel and the Court at least 24 hours prior to their use in an opening statement and/or closing argument.

**SO ORDERED.**

Signed this 26th day of October, 2011.

Digitally signed by David R. Herndon
Date: 2011.10.26 14:39:08 -05'00'

**Chief Judge**
**United States District Court**