UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |
| This Document Relates to:<br><br>ALL CASES | Judge David R. Herndon |

## CASE MANAGEMENT ORDER 44

**Herndon, Chief Judge**

Pending before the Court is plaintiffs' request, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 60(b), for clarification of Case Management Order 41 (CMO 41) (Doc. 2050). Plaintiffs request that the Court permit plaintiffs' experts to rely upon data gleaned from a review of case summaries from the EURAS trial, and that the results of plaintiffs' expert's analysis be considered non-confidential under the protective order; thus, permissible for use in public forums. Plaintiffs request limited relief from CMO 41 to permit publication of their expert's "re-analysis" study only (Doc. 2050, p. 4).

CMO 41 granted Bayer's motion to maintain certain documents from the EURAS study as highly confidential (Doc. 1971). The Court held that "[a]bsent a compelling reason (which the plaintiffs have not shown) and absent a showing that the confidentiality designation can be removed without violating German law and the privacy rights of the study participants (which the plaintiffs have not

shown) the Court will not remove the confidentiality designation of these materials" (Doc. 1971, p. 2).

Plaintiffs' instant motion seeks clarification of CMO 41, claiming they have "never intended to disclose in public the actual case summaries" of the EURAS study subjects. Consistent with CMO 41, plaintiffs allege the intent of their initial request was merely permission to publish a "re-analysis" of the EURAS data plaintiffs' expert, Dr. Gerstman, conducted (Doc. 2050, p. 2). Plaintiffs further contend defendant should not object to their motion, as it previously stated in support of its motion to maintain confidential designation of the relevant documents, "[n]or have plaintiffs explained why Dr. Gerstman cannot publish his study without publicizing the detailed Case Summaries" (Doc. 1954, p. 4). Thus, plaintiffs' motion is intended to provide the pertinent explanation. Therefore, as plaintiffs intend to publish the study results, not the actual case summaries, they argue the requested limited relief from CMO 41 will not violate any relevant privacy laws.

Defendant responds that, "[i]f Dr. Gerstman intends to publish his reanalysis without any disclosure of the EURAS case summaries (public or otherwise), then his actions should be guided by normal principles of scientific publication, not by this Court" (Doc. 2077, p. 1). Defendant argues plaintiffs' motion fails to articulate the intended use of the "re-analysis." As defendant understands plaintiffs' motion, defendant feels uncertain as to the scope of the

possible publication of the EURAS case summaries, as plaintiffs merely state they do not intend to "disclose in public" its contents (Doc. 2077, p. 2).

The Court finds defendant chooses to argue an issue that is relevant to trial strategy but not the heart of the Court's concern.  The Court's determination is dependent on the privacy German law demands.  Therefore, if the privacy of the study participants is maintained, then the public's need for transparency takes precedence. Defendant focuses on the intended use of the "re-analysis."  However, the Court's role is to ensure the relevant privacy laws are followed and that the expectations of the study participants are met.  The nature of plaintiffs' requested disclosure clearly meets both the letter and spirit of the German privacy laws at issue.  Thus, in keeping with this nation's culture of transparency, the Court **GRANTS** plaintiffs' motion as they have shown the confidentiality designation can be removed without violating German law and the privacy rights of the study participants.

**IT IS HEREBY ORDERED** that plaintiffs are granted limited relief from CMO 41, as requested, to permit publication of Dr. Gerstman's re-analysis study only.

**IT IS SO ORDERED.**

Signed this 9th day of November, 2011.

Digitally signed by
David R. Herndon
Date: 2011.11.09
16:02:15 -06'00'

**Chief Judge
United States District Court**