# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

**ALL CASES**

**CASE MANAGEMENT ORDER NO. 56**

**(Qualified Protective Order)**

Certain counsel representing certain plaintiffs in the above captioned matter (collectively, "certain Plaintiffs' counsel) have retained The Garretson Resolution Group, Inc. ("GRG"), as the Lien Resolution Administrator ("LRA") for this matter. Subject to the restrictions below, this Order grants GRG the authority to provide the Centers for Medicare and Medicaid Services ("CMS"), the Medicare Secondary Payer Department, the Medicaid programs of each state and territory and of the District of Columbia (the "Single State Agencies") and where appropriate, the Other Governmental Healthcare Programs, including but not limited to: TRICARE, VA Healthcare, Indian Health Services, (the "Other Governmental Programs")with a list of the Yaz, Yasmin, Ocella Litigation Claimants (respectively, the "Claimants") represented by certain members of the Plaintiffs' Steering Committee ("PSC") and by certain Plaintiffs' counsel to determine which of the Claimants are beneficiaries in the Medicare, Medicaid programs and/or Other Governmental Programs.

The Centers for Medicare and Medicaid Services ("CMS"), the Single State Agencies and/or Other Governmental Programs have asserted, or may assert, statutory liens or reimbursement claims against the settlement proceeds of those Claimants who are also receiving benefits under Medicare, Medicaid and/or Other Governmental Programs.  Under the terms of this engagement, GRG has been granted authority to verify the existence of any federal or state statutory liens, including but not limited to Medicare, Medicaid and/or Other Governmental Programs, and with the consent of the PSC to resolve those liens. The entry of an Order compliant with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 42 CFR Section 431 Subpart F, titled "Safeguarding Information on Applicants and Recipients," and other applicable privacy laws is necessary to permit CMS, the Single State Agencies or the Other Governmental Programs to transmit certain protected health information of the Claimants directly to GRG to assist in the resolution of the respective agency's or entity's interests. Accordingly, the Court being sufficiently advised, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. This Order shall apply to all "protected health information" and "individually identifiable health information," as defined by 45 CFR § 160.103, or information that is otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 551a, HIPAA, Pub. L. 104191, 42 CFR Section 431 Subpart F, titled "Safeguarding Information on Applicants and Recipients," and other applicable state law, created, received or collected from Medicare, Medicaid and/or Other Governmental Program Claimants

by Single State Agencies, CMS or Other Governmental Programs, including, but not limited to: (a) names and addresses, dates of birth, social security numbers, Medicare, Medicaid and/or Other Governmental Program identification numbers and other demographic information that identifies, or could be used to identify, Medicare, Medicaid and/or Other Governmental Program-eligible Claimants; (b) eligibility and entitlement information of Medicare, Medicaid and/or Other Governmental Program Claimants; (c) claims information relating to the past, present, or future healthcare of Medicare, Medicaid and/or Other Governmental Program Claimants; (d) claims information relating to the provision of healthcare to Medicare, Medicaid and/or Other Governmental Program Claimants; and (e) claims information relating to the past, present, or future payment for the provision of healthcare to Medicare, Medicaid and/or Other Governmental Program-eligible Claimants.

2. Each Claimant represented by certain members of the Plaintiffs' Steering Committee ("PSC") and by certain Plaintiffs' counsel agrees to allow GRG to receive from and send to CMS protected health information and individually identifiable health information as defined in Paragraph I of this Order.

3. As a retained Lien Resolution Administrator for this litigation and a covered entity as determined by 45 CFR Section 164.104(a)(2), CMS, the Medicare Secondary Payer Department, individual Single State Agencies and Other Governmental Programs may disclose to GRG and GRG is duly authorized to receive Medicare, Medicaid and/or Other Governmental Program claims and other protected health information for those Medicare, Medicaid and/or Other Governmental Program-eligible Claimants in accordance with 45 CFR Section164.506(c)(4)(ii) "Uses and

disclosures to carry out treatment, payment or healthcare operations" and any other applicable state law.

4. To assist in the resolution of Medicare, Medicaid and/or Other Governmental Program interests, CMS, the Medicare Secondary Payer Department, the individual Single State Agencies and the individual Other Governmental Program is hereby authorized and directed to transmit to GRG, in its capacity as Lien Resolution Administrator, any information, including Medicare, Medicaid and/or Other Governmental Program claims information and other protected health information, for those Medicare, Medicaid and/or Other Governmental Program-eligible Claimants in the above-captioned matter against whom they have asserted liens or reimbursement claims.

5. GRG is authorized to provide a list of Claimants to CMS, the Medicare Secondary Payer Department, the Single State Agencies and the Other Governmental Programs that have been identified as a potential lien holder of respective Claimants (collectively, "the Lists").

6. GRG shall not use or disclose any protected health information or individually identifiable health information subject to this Order for any purpose other than this litigation and the performance of its duties as Lien Resolution Administrator. Similarly, CMS, each Single State Agency and each Other Government Program shall only use the Lists for the specific purposes identified in this Order. CMS, each Single State Agency, and/or each Other Governmental Program shall only make the Lists available to those within its agency or organization who need access to the Lists for the specific purpose stated in this paragraph. If CMS, a Single State

Agency or an Other Governmental Program identified in this Order utilizes outside vendors or companies to perform part or all of its tort recovery practices, those outside vendors or companies shall be expressly bound by all terms and conditions of this Order.

7. GRG shall maintain any protected health information or individually identifiable health information subject to this Order in a secure and safe area and shall exercise the standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such protected health information required by HIPAA and other applicable privacy laws.

8. At the conclusion of this litigation, GRG shall certify to CMS, the Single State Agencies and the Other Governmental Program that the protected health information or individually identifiable health information, including all copies made, has been destroyed.

9. For purposes of the Order, the phrase "Medicare, Medicaid and/or Other Governmental Program-eligible Claimants" refers collectively to every Claimant who is a beneficiary of said programs or was a beneficiary of said programs at any time between (a) the first date the Claimant suffered personal physical injury or sickness arising due to the alleged tortious conduct of the above-named Defendants and (b) the effective date of the settlement for said Claimant, up to and including the effective date of the Claimant's settlement.

**IT IS SO ORDERED**

ENTERED: May 30, 2012

David R. Herndon
2012.05.30
22:27:32 -05'00'

Honorable David R. Herndon
Chief Judge, United States District Court