UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

----------------------------------------------------------- X

**IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND RELEVANT PRODUCTS LIABILITY LITIGATION**

:  3:09-md-02100-DRH-PMF

:  MDL No. 2100

:

:  Judge David R. Herndon

-----------------------------------------------------------

This Document Applies To All Actions

:

----------------------------------------------------------- X

FIFTH AMENDED CASE MANAGEMENT ORDER NO. 9

(**Agreed Order Regarding Direct Filing of Actions in the Southern District of Illinois and
Service of Process in Cases Naming Particular Defendants**)

I.   **Scope of Order**

This Order applies to claims brought by a U.S. citizen or resident based on ingestion or purchase of YAZ®, Yasmin® and Ocella® that (i) currently are pending in MDL No. 2100 or (ii) will be filed in, removed to or transferred to this Court (collectively, "the MDL Proceedings").

II.   **Direct Filing of Cases in MDL 2100**

A.   In order to eliminate delays associated with transfer to this Court of cases filed in or removed to other federal district courts, and to promote judicial efficiency, any plaintiff whose case would be subject to transfer to MDL 2100 may file his or her case directly in the MDL Proceedings in the Southern District of Illinois.

B. Each case filed directly in the MDL Proceedings by a plaintiff who resides in a federal district other than the Southern District of Illinois will be filed in the MDL Proceedings for purposes of pretrial proceedings, consistent with the Judicial Panel on Multidistrict Litigation's October 1, 2009 Transfer Order.

C. Defendants will not challenge the venue of any action filed directly in the MDL Proceedings in the Southern District of Illinois for purposes of pretrial proceedings. Upon the completion of all pretrial proceedings applicable to a case directly filed in this Court pursuant to this Order, this Court, pursuant to 28 U.S.C. §1404(a), will transfer that case to the federal district court in the district where the plaintiff allegedly was injured by use of YAZ, Yasmin or Ocella or where the plaintiff resides at the time of such transfer. The parties will jointly advise the Court of the district to which each case should be transferred.

D. Parts II.B. and II.C. do not preclude the parties from agreeing, at a future date, to try in this District certain cases filed pursuant to this Order.

E. The inclusion of any action in *In Re: Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Relevant Products Liability Litigation*, MDL 2100, whether such action was or will be filed originally or directly in the Southern District of Illinois, shall not constitute a determination by this Court that jurisdiction or venue is proper in this District.

F. The fact that a case was filed directly in the MDL Proceedings pursuant to this Order will have no impact on choice of law, including the statute

of limitations that otherwise would apply to an individual case had it been filed in another district court and transferred to this Court pursuant to 28 U.S.C § 1407.

  G. The caption for any complaint that is directly filed in MDL 2100 before this Court shall bear the following caption:

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ------------------------------------------------------------ | X | |
| IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND RELEVANT PRODUCTS LIABILITY LITIGATION | : : : : | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |
| ------------------------------------------------------------ | : | Judge David R. Herndon |
| JANE DOE,<br><br>         Plaintiff,<br>vs.<br><br>XYZ CORPORATION and ABC COMPANY,<br><br>         Defendants. | : : : : : : | COMPLAINT AND JURY DEMAND<br><br>Civil Action No.: _____ |
| ------------------------------------------------------------ | X | |

H.     In accordance with the Initial Conference Order (Section 5.a), any attorney admitted to practice and in good standing in any United States District Court is admitted *pro hac vice* in this litigation and association of co-counsel for purposes of litigation, including direct filing, is not required.

I.     Prior to any plaintiff's lawyer filing a complaint directly in the United States District Court for the Southern District of Illinois, that attorney must register for and have an Illinois CM/ECF log in name and password.  When filing a complaint in the Southern District of Illinois, an attorney must first request a case number by sending an email to: newcases_eaststlouis@ilsd.uscourts.gov.  *See* CM/ECF Rule 4.0.  Cases can only open during normal business hours Monday through Friday.  All counsel shall allow the clerk at least 4 hours to open the file

and are not to contact the clerk's office with inquiries about a pending case number unless special circumstances exist or if counsel has not received a case number within 24 hours.

J.  The attorney who has electronically signed the complaint will receive an email notifying your office of the assigned case number.  After plaintiff's counsel receives the case number by email, the complaint can be filed. The system will ask whether there are any exhibits to the document, check "YES" and attach the civil cover sheet as an exhibit.

K.  When electronically filing the pleadings, the signature block shall follow the below format:

>RESPECTFULLY SUBMITTED,
>
>_____/s/ Jane Doe_____
>Jane Doe
>NAME OF LAW FIRM
>ADDRESS
>TELEPHONE
>FAX
>EMAIL@EMAIL.com
>Attorney for Plaintiff

L.  Filing Fees:  Internet credit card payments shall be required for all complaints and are made online through Pay.gov.  Plaintiff's counsel will be prompted to pay the required filing fee at the time the complaint is filed.

The Clerk's Office will be electronically notified when the case is filed and will review for errors or omissions.  After the complaint is filed, plaintiff's counsel shall draft the summonses and send them to the Court by email to

newcases_eaststlouis@ilsd.uscourts.gov. In the email, plaintiff's counsel shall provide his or her name, the case number, and his or her mailing address. The clerk will file and send originals via mail to the office of plaintiff's so that plaintiff's counsel can effectuate service of process.

### III. Service of Process

    A. Bayer Pharma AG admits that it manufactures drospirenone and ethinyl estradiol, the progestin and estrogen contained in YAZ, Yasmin and Ocella. Bayer HealthCare Pharmaceuticals Inc. admits that it markets YAZ and Yasmin in the United States. Some complaints list as defendants former names of Bayer Pharma AG and Bayer HealthCare Pharmaceuticals Inc.

        1. Bayer Pharma AG admits that it formerly was known as Bayer Schering Pharma AG, which formerly was known as Schering AG, and is the same corporate entity as Bayer Schering Pharma AG and Schering AG.

        2. Bayer HealthCare Pharmaceuticals Inc. admits that it formerly was known as Berlex, Inc., which formerly was known as Berlex Laboratories, Inc., and is the same corporate entity as Berlex, Inc. and Berlex Laboratories, Inc.

Certain complaints name additional Bayer entities as defendants. The term "other Bayer entities," as used herein, includes Schering AG, Berlex, Inc., Berlex Laboratories, Inc., Bayer Corporation, Bayer HealthCare LLC, Bayer Pharmaceuticals Corporation, Bayer AG, Bayer HealthCare AG, Bayer

Gesellschaft fur Beteiligungen mbH, and Bayer HealthCare Pharmaceuticals LLC.

  B. Defendants Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG agree, without waiver of any defenses, to accept service of process pursuant to the terms of this Order in certain YAZ, Yasmin or Ocella cases commenced in, removed to, or transferred to this MDL.

  C. These procedures for informal service of process are not available in a case removed to federal court in which the plaintiff seeks remand to state court unless and until remand is denied. All deadlines set forth in Part III of this Order run from the date on which remand is denied.

  D. Plaintiffs whose complaints are not subject to III.C and who have not already served Bayer Pharma AG or Bayer HealthCare Pharmaceuticals Inc. through original process shall have sixty (60) days after the date a case is docketed in this MDL to serve the Complaint together with a Summons as follows:

    1. By Certified Mail, Return Receipt Requested, upon the following representative of Bayer HealthCare Pharmaceuticals Inc.:

      SOP Department
      Corporation Service Company
      Suite 400
      2711 Centerville Road
      Wilmington, DE 19808

2. By Registered Mail, Return Receipt Requested, upon the following representative of Bayer Pharma AG:

      Eva Gardyan-Eisenlohr
      Head of Law & Patents
      Bayer Pharma AG
      Müllerstrasse 178
      D- 13353 Berlin
      Germany

3. A copy of each notice transmitted to any defendant in the foregoing manner also shall be emailed to yazservice@eckertseamans.com.

E. Service will be effective only if addressed as above. General mailing to any defendant or use of other methods of transmission (*e.g.*, Federal Express or DHL) will not be sufficient to effect service. Service will be effective ten (10) days after the date of delivery. Other than those based on formal service of process, defendants reserve all other rights and defenses available to them under federal or state law and under applicable treaties and conventions. Prior to moving to dismiss a case for a defect in service under Parts III.D and III.E, defendants shall serve notice of the defect on plaintiff's counsel and provide 30 days for plaintiff to cure the defect.

F.  The other Bayer entities are relieved of any obligation to answer complaints until further order of this Court.  If plaintiffs believe that discovery demonstrates the involvement of one or more of the other Bayer entities in the subject matter of this litigation in a way that will require plaintiffs to pursue one or more of the other Bayer entities as defendants, plaintiffs shall meet and confer with defendants concerning whether discovery is required from those entities and, if no agreement is reached after meeting and conferring with the defendants, the parties shall seek the Court's guidance before plaintiffs commence any such discovery.

G.  For cases in which plaintiffs have served Bayer Healthcare Pharmaceuticals Inc., any applicable time limitations in Fed. R. Civ. P 4(m) are extended such that plaintiffs need not serve the other Bayer entities prior to January 2, 2014.  Neither Bayer Pharma AG, Bayer HealthCare Pharmaceuticals Inc., nor the other Bayer entities shall move to dismiss a complaint as to an unserved Bayer entity prior to January 31, 2014.

**So Ordered:**

Digitally signed by David R. Herndon
Date: 2013.01.02 11:03:18 -06'00'

**Chief Judge**  
**United States District Court**

Date:  January 2, 2013