UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND RELEVANT PRODUCTS LIABILITY LITIGATION | : 3:09-md-02100-DRH-PMF <br> : MDL No. 2100 <br> : Judge David R. Herndon |
| This Document Applies to All Actions | : |

SECOND AMENDED CASE MANAGEMENT ORDER NO. 31

(Agreed Order Regarding Service of Process and Regarding Certain Parties in Cases Involving Ocella®)

I.  **Scope of Order**

This Order applies to claims based on ingestion or purchase of Ocella® that (i) currently are pending in MDL No. 2100 or (ii) will be filed in, removed to, or transferred to this Court (collectively, "the MDL Proceedings"). The factual information with respect to the pharmaceutical entities mentioned in this Order was provided by Barr Laboratories, Inc. ("Barr") and Teva Pharmaceuticals USA, Inc. ("TUSA").

II.  **Role of Barr and TUSA**

Barr and TUSA distribute an authorized generic of the oral contraceptive product Yasmin® in the United States of America. The name of the authorized generic distributed by Barr and TUSA is Ocella®. Bayer Schering Pharma AG manufactures drospirenone and ethinyl estradiol, the

progestin and estrogen contained in Yasmin® and Ocella®, and Schering GmbH & Co. Produktions KG creates the Yasmin® and Ocella® tablets. Ocella® is provided to Barr and TUSA for distribution in the United States by Bayer Schering Pharma AG pursuant to a certain Yasmin® Distribution and Supply Agreement by and between Bayer Schering Pharma AG and Barr, dated June 23, 2008.

### III.     Service of Process on Barr and TUSA

Plaintiffs who have not already served Teva Pharmaceuticals USA, Inc., or Barr Laboratories, Inc., through original process shall have ninety (90) days after the date of this Order or, for cases docketed hereafter, sixty (60) days after the date a case is docketed in this MDL, to serve the Complaint together with a summons, as follows:

1. For Teva Pharmaceuticals USA, Inc.:  By Certified Mail, Return Receipt Requested, upon the following representative of Teva Pharmaceuticals USA, Inc.:

> Teva Pharmaceuticals USA, Inc.
> c/o Jennifer L. Fuller-Ricciardi
> 425 Privet Rd.
> Horsham, PA  19044

2. For Barr Laboratories, Inc.:  By Certified Mail, Return Receipt Requested, upon the following representative of Barr Laboratories, Inc.:

> Barr Laboratories, Inc.
> c/o Jennifer L. Fuller-Ricciardi
> 425 Privet Rd.
> Horsham, PA  19044

3. A copy of each notice transmitted to Barr Laboratories, Inc., or Teva Pharmaceuticals USA, Inc., in the foregoing manner shall also be emailed to msuffern@ulmer.com and phallenbeck@ulmer.com.

Teva Pharmaceuticals USA, Inc. and Barr Laboratories, Inc., agree to accept service of process pursuant to the terms of this section. Service will be effective only if addressed as above. General mailing to any defendant or the use of other methods of transmission (e.g. Federal Express or DHL) will not be sufficient to effect service. Service will be effective ten (10) days after the date of delivery. Other than those based on formal service of process, defendants reserve all other rights and defenses available to them under federal or state law and under applicable treaties and conventions. Plaintiffs who choose not to serve according to this section may serve according to the Federal Rules of Civil Procedure.

Prior to moving to dismiss a case for a defect in service under this section, defendants shall serve notice of the defect on plaintiff's counsel and provide 30 days for plaintiff to cure the defect.

### IV. Non-Involvement of Teva Pharmaceutical Industries Ltd. and Barr Pharmaceuticals, LLC

Certain cases in the MDL Proceedings have named as defendants Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") and Barr Pharmaceuticals, LLC ("Barr Pharmaceuticals") in addition to Barr and TUSA. Barr and TUSA state that neither Teva Ltd. nor Barr Pharmaceuticals are proper parties to any case arising from any alleged

3

cause of action involving the distribution of Ocella® by Barr and TUSA for the following reasons:

1. Barr and TUSA state that:

    a. Teva Ltd. is an Israeli corporation, and TUSA is an indirect wholly-owned subsidiary of Teva Ltd.

    b. Teva Ltd. does not distribute Ocella®, has never had any role in the distribution of Ocella®, and is not subject to personal jurisdiction in the Courts of the United States of America.

2. Barr and TUSA state that:

    a. Barr Pharmaceuticals is a U.S. corporation that is organized in Delaware and has its principal place of business in Pennsylvania.

    b. Barr Pharmaceuticals is Barr's parent company and is a privately-held wholly-owned subsidiary of TUSA.

    c. Barr Pharmaceuticals is a holding company, does not distribute Ocella®, has never had any role in the distribution of Ocella®, and is not subject to personal jurisdiction in the MDL Proceedings.

Plaintiffs reserve the right to contest the facts represented by Barr and TUSA and/or argue that personal jurisdiction exists over Teva Ltd. and Barr Pharmaceuticals.

### V. Responses to Complaints by Teva Ltd. and Barr Pharmaceuticals

Based on the representations of Barr and TUSA regarding the lack of involvement of Teva Ltd. and Barr Pharmaceuticals in the distribution of Ocella®, Teva Ltd. and Barr Pharmaceuticals are relieved of any obligation to move, answer, or otherwise plead in response to any complaints in the MDL Proceedings until further order of this Court. If plaintiffs believe that

discovery directed to Barr and TUSA demonstrates the involvement of Teva Ltd. and/or Barr Pharmaceuticals in a way that plaintiffs believe will require plaintiffs to pursue pleading and discovery from Teva Ltd. and/or Barr Pharmaceuticals, plaintiffs shall meet and confer with counsel for Barr and TUSA concerning whether discovery is required from Teva Ltd. and/or Barr Pharmaceuticals.  If no agreement is reached after meeting and conferring with counsel for Barr and TUSA, the parties shall seek the Court's guidance before plaintiffs commence any such discovery.

For cases in which plaintiffs have served Barr or TUSA, any applicable time limitations in Fed. R. Civ. P 4(m) are extended such that plaintiffs need not serve Teva Ltd. or Barr Pharmaceuticals prior to January 2, 2014. Neither Barr, TUSA, Teva Ltd. or Barr Pharmaceuticals shall move to dismiss a complaint for failure to serve an unserved defendant prior to January 31, 2014.

**So Ordered:**

Digitally signed by David R. Herndon
Date: 2013.01.02 11:04:48 -06'00'

**Chief Judge
United States District Court**

Date:  January 2, 2013