**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

-------------------------------------------------------------  **X**

**IN RE YASMIN AND YAZ (DROSPIRENONE)**       **3:09-md-02100-DRH-PMF**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**                     **MDL No. 2100**

-------------------------------------------------------------

**This Document Relates to:**                     **Judge David R. Herndon**


**ALL CASES**

<u>**CASE MANAGEMENT ORDER NUMBER 67**</u>

**Regarding Plaintiffs' Motion to Dispute**
**Bayer's Claim for Privilege and Immunity**


**HERNDON, Chief Judge:**

**I.  INTRODUCTION**

Presently before the Court is plaintiffs' motion to dispute defendants' claim for privilege and immunity (Doc. 2220). Defendants' have responded (Doc. 3485). For the reasons described herein, the Court finds that the disputed documents are privileged and that defendants' inadvertent disclosure of the same did not waive privilege. Accordingly, the Court finds in favor of the defendants and concludes defendants' request for relief is appropriate.

The plaintiffs are **ORDERED** to (1) return the disputed documents (and all copies) to the defendants and (2) destroy all work product reflecting the content of the disputed documents. In addition, the Court **GRANTS** defendants'

1

request to have any references to the disputed documents stricken from the record. Finally, the Court **DIRECTS THE CLERK OF THE COURT** to strike exhibits A through N to the plaintiffs' motion (Doc. 2220) from the Court's record.

## II.  BACKGROUND

Plaintiffs' motion was filed on December 30, 2011 (Doc. 2220). Shortly thereafter, the Court entered orders staying certain aspects of the case (Doc. 2229 2296, 2377). The stay was lifted on August 4, 2014 (Doc. 3448). Accordingly, defendants filed their responsive pleading on September 3, 2014 (Doc. 3485) and the matter is now ripe for consideration by the Court.

The dispute concerns documents produced by defendants between June 15 and August 22, 2011. The disputed documents consist of (1) a presentation prepared by defendants' in-house counsel R. Scott Meece ("the Meece Presentation") to convey legal advice to corporate employees and (2) other presentations in which another employee, Lawrence Platkin, conveyed the legal advice from the Meece Presentation to other corporate employees ("the Platkin Presentations") (collectively, "the disputed documents").

As noted, the disputed documents were produced between June 15 and August 22, 2011. In October 2011, defense counsel contacted plaintiffs stating that the disputed documents had been inadvertently produced. Plaintiffs contend the disputed documents contain non-privileged information. Further, to the extent the disputed documents are privileged, plaintiffs contend the

defendants have waived that privilege. Specifically, plaintiffs contend the production was not inadvertent because, prior to production, defendants redacted portions of the disputed documents and designated them as "highly confidential." Plaintiffs contend such conduct is inconsistent with an inadvertent or accidental production. Additionally, plaintiffs note that defendants produced multiple copies of the same documents on separate occasions. According to plaintiffs, this demonstrates that defendants did not take reasonable steps to prevent disclosure. Finally, plaintiffs contend that defendants failed to promptly take reasonable steps to correct the mistaken disclosures.

Defendants contend the disputed documents are privileged, were inadvertently produced, and no waiver has occurred. According to defendants, the Meece Presentation was inadvertently produced because defendants did not know the presentation had been prepared by in-house counsel. Immediately upon discovering this mistake,[1] defendants contend, they investigated the matter and learned that the Platkin Presentations had also been mistakenly produced. Defendants state they then acted promptly to "claw back" the

---

[1] Defendants state the mistake was not discovered until plaintiffs used the Meece Presentation during a deposition (deposition occurred on October 14, 2011). Within a week of that deposition, defendants sent plaintiffs a "claw back" request in accordance with CMO 7 (dated October 20, 2011). Defendants reminded the plaintiffs regarding the matter two days later. In addition, defendants contacted the Court reporter regarding the matter. Defendants further state that upon learning the Platkin Presentations disseminated legal advice contained in the Meece Presentation they promptly notified plaintiffs (this "claw back" request was sent on October 28, 2011).

disputed documents as provided for in Case Management Order No. 7 ("CMO 7").[2]

## III.  ANALYSIS

### A.  Applicable Law

When deciding whether a disclosure has waived the attorney-client privilege, the Court first determines whether the disclosed documents are privileged and then applies the elements of Rule 502(b) to determine whether the disclosure waives the privilege.[3]

Under Rule 502, a disclosure does not operate as a waiver in a Federal or State proceeding if:

(1) the disclosure is inadvertent;

(2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and

---

[2] CMO 7 is an agreed order adopted by the Court concerning the handling of confidential information (Doc. 291). Section VIII of CMO 7 provides as follows with regard to the inadvertent production of documents:

> Inadvertent production of documents (hereinafter "Inadvertently Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall notify the receiving party in writing within a reasonable period of time from the discovery of the inadvertent production. If such notification is made, such Inadvertently Produced Documents and all copies thereof shall, upon request, be returned to the Producing Party, all notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database.

[3] Rule 502 applies "insofar as is just and practicable" to all proceedings pending on September 19, 2008. Pub. L. No. 110–322, § 1(c), 122 Stat. 3537, 3538 (2008). There is no reason why Rule 502 should not apply to this motion. In addition, the parties seem to agree that 502 is applicable here.

> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

Fed. R. Evid. 502(b). Since the enactment of Rule 502 in September 2008, district courts in the Seventh Circuit have evaluated whether disclosure was inadvertent under two tests.

Under the first test, a disclosure is "inadvertent" if its "production was a mistake"; thereafter, in applying the second and third factors of Rule 502(b), the court considers whether the privilege holder "took reasonable steps to prevent disclosure" and "promptly took reasonable steps to rectify the error." *Coburn Group, LLC v. Whitecap Advisors LLC*, 640 F. Supp. 2d 1032, 1037-41 (N.D. Ill. 2009) (Soat Brown, J.); *see also Excel Golf Prods., Inc. v. MacNeill Eng'g Co.*, 11 C 1928, 2012 WL 1570772, at *2 (N.D. Ill. May 3, 2012) (Leinenweber, J.) ("the inadvertence inquiry asks merely whether the production was unintentional"). Under the second test, a court applying Rule 502(b) determines whether a disclosure was inadvertent by (1) considering the production in light of "the total number of documents reviewed, the procedures used to review the documents before they were produced, and the actions of producing party after discovering that the documents had been produced"; and then (2) assessing whether the steps the producing party took in preventing disclosure and rectifying the disclosure were reasonable. *Heriot v. Byrne*, 257 F.R.D. 645, 655, 658-62 (N.D. Ill. 2009) (Ashman, Mag.).

For the reasons discussed below, the Court concludes the disputed documents were inadvertently produced under either test.

**B.  The Disputed Documents Are Privileged**

As a threshold matter, the court must determine whether the disputed documents are indeed privileged. If the documents are not privileged, the inquiry ends. In conducting its privilege analysis, the Court applies New Jersey law (Doc. 1660) (concluding that New Jersey law governs the existence and scope of attorney client privilege in this case).

The Meece Presentation conveys the legal advice of defendants' in-house counsel to corporate employees. The Court has previously concluded that such communications are protected under New Jersey law (Doc. 1775). The Platkin presentations amount to the dissemination of legal advice (the legal advice contained in the Meece Presentation) within the corporate structure. As this Court has previously concluded, such dissemination does not impair any privilege attaching to the advice, provided that the advice was disseminated for the purpose of circulating legal advice to those within the corporate structure who needed the advice in order to fulfill their corporate responsibilities or to inform those recipients of the nature of the legal advice being sought (Doc. 1775). The Platkin presentations meet this standard. Accordingly, the Court concludes that the Meece Presentation and the Platkin presentations are privileged under New Jersey law.

**C.  The Privilege Was Not Waived**

6

Defendants' *in camera* submissions demonstrate that the disclosure of the Meece Presentation was inadvertent under either tests discussed above. The attorney conducting the privilege review did not know that Meece authored the document. As a result, counsel did not know the document was subject to attorney-client privilege and mistakenly produced the document. Under these circumstances, the fact that the document was subject to review prior to production, redacted, and marked as confidential does not establish a lack of mistake. The Platkin Presentations were produced as a result of the same mistake. Accordingly, the production of these documents was also inadvertent.

Defendants have also established that they took reasonable precautions to ensure that this type of disclosure did not occur. Defendants *in camera* submissions detail the precautions defendants took to ensure that privileged material was not produced. Despite these procedures – a mistake occurred. The mere fact of a mistaken production does not – in and of itself – establish reasonable precautions were not taken. This is particularly true where, as here, discovery is extensive.[4] *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec,* 529 F.3d 371, 388 (7th Cir. 2008) ("Where discovery is extensive, mistakes are inevitable and claims of inadvertence are properly honored so long as appropriate precautions are taken.") (quotations and citations omitted). *See also Id.* ("The fact that one memorandum slipped through does not indicate that the precautionary measures taken by [defendant's] counsel were so

---

[4] As defendants note, in this litigation, defendants have produced more than 90 million pages of documents in response to more than 500 requests for production.

deficient that the court clearly erred in finding the document's production was inadvertent."). Further, under the facts present here, the additional mistaken productions (all stemming from the same mistake as to authorship of the Meece Presentation) do not establish that reasonable precautions were not taken.

Finally, upon *discovering* the mistake, defendants acted promptly to rectify the error. As discussed above, defendants were not aware of the mistake until the Meece Presentation was referenced during a deposition. Within a week of that deposition, defendants acted to correct the error (notifying the plaintiffs on October 20, 2011 of the mistaken Meece production). Upon learning of the related mistaken productions, defendants acted promptly to notify plaintiffs of the error (notifying the plaintiffs on October 28, 2011).

Therefore, the Court concludes defendants did not waive the privilege that the disputed documents were entitled to when they inadvertently disclosed the Meece Presentation and the Platkin Presentation.

## IV.  CONCLUSION

For the reasons described herein, the Court finds that the disputed documents are privileged and that defendants' inadvertent disclosure of the same did not waive privilege. Accordingly, the Court finds in favor of the defendants.     The plaintiffs are **ORDERED** to (1) return the disputed documents (and all copies) to the defendants and (2) destroy all work product reflecting the content of the disputed documents. In addition, the Court

**GRANTS** defendants' request to have any references to the disputed documents stricken from the record. Finally, the Court **DIRECTS THE CLERK OF THE COURT** to strike exhibits A through N to plaintiffs' motion (Doc. 2220) from the Court's record.

**IT IS SO ORDERED.**

Signed this 3rd day of October, 2014.

Digitally signed by
David R. Herndon
Date: 2014.10.03
14:32:16 -05'00'

**United States District Judge**