UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------- X

IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

3:09-md-02100-DRH-PMF

MDL No. 2100

-------------------------------------------------------------

**This Document Relates to:**

**Judge David R. Herndon**

**ALL CASES**

## CASE MANAGEMENT ORDER NUMBER 68

### Trial Selection Order

**HERNDON, District Judge:**

### I. BACKGROUND

On October 1, 2009, the Judicial Panel on Multidistrict Litigation consolidated all Yaz and Yasmin (drospirenone) personal injury and wrongful death cases filed in federal court, establishing MDL 2100. At that time, there were 32 complaints pending in different U.S. District Courts. MDL 2100 quickly grew to include thousands of cases and, in 2012, surpassed asbestos as the largest MDL in the nation. To date, a majority of the cases have been settled. However, the parties have been unable to settle a relatively small subset of cases. The cases the parties have been unable to settle can be divided into two categories: (1) patent foramen ovale ("PFO") cases and (2) arterial thrombotic event ("ATE") cases.

1

On August 28, 2014, the undersigned issued CMO 65 which established a trial selection plan for the unsettled PFO and ATE cases. Pursuant to CMO 65, the parties were directed to submit certain information regarding the pool of unsettled cases to the Court and to begin preparing the same for trial. After a painstaking review of the material submitted by the parties, the Court is issuing the trial selections described herein.[1]

Although the Court is proceeding with trying the unsettled PFO and ATE cases, the Court fully expects the parties to continue to negotiate in good faith and to make every effort to settle all remaining cases of every description.

## II. TRIAL SELECTION – PROCESS AND ASPIRATIONS

The Court ordered the parties to provide it with a number of cases that would comply with certain criteria (CMO 65, MDL 2100 Doc. 3480). The criteria were derived by the Court in its effort to conduct pretrial discovery for certain landmark characteristics of plaintiffs that are representative of other such plaintiffs in the Court's remaining inventory. The ultimate effort, of course, is to provide information of the remaining cases following a greatly successful and ongoing effort to settle the majority of the Court's inventory of cases.

The Court painstakingly examined the Plaintiff Facts Sheets ("PFS") (if available) for each plaintiff submitted for consideration. Not every PFS could be mined for plentiful information, some though were very helpful. It was clear that

---

[1] The list of cases is found in Exhibit 1 attached hereto.

some cases were submitted to meet an agenda and some were better described as run of the mill. Collectively, they gave the Court a good overall view of the pool of ATE cases and PFO cases.

In total, the Court has selected thirty-three cases that will proceed to trial. Every effort was made to select cases, based on the PFS, which reflect the general nature of this litigation. Despite that, when the cases are tried a person's prior demeanor and disposition regarding this litigation as a whole will likely guide his or her interpretation of the verdict. So, the verdict whether low, high or somewhere in between will be an aberration for some school of thought, and there will be some debate about whether it is low or high and what an in between verdict constitutes. What is likely more important about the process upon which the parties are about to embark is the information gathered during the pre-verdict phase.

Preparing thirty-three different cases for trial will assist counsel in developing an intimate understanding of this litigation, like no other time prior hereto. This is not a bellwether process and the selected cases will not proceed to bellwether trials. Rather, these cases are being prepared for trial because they have not settled. The cases will be prepared for trial in the same manner as a "normal" civil case. In other words, there will not be a "show trial" as often happens with a bellwether trial process. The Court will limit the number of counsel allowed to participate and the amount of time allowed for the presentation of each side's case. Hopefully, as the parties and the lawyers who are

3

individually responsible for the each party become familiar with the particulars of their cases, they will find common ground where none existed before.

This Court will handle all pretrial motions before seeking remands to the courts of original venue. Motions which are common to some or all cases will be briefed and argued jointly, consistent with the consolidation of the litigation. All cases on this list must have pretrial discovery conducted which will necessarily require a delegation of the work load among counsel. Counsel will endeavor to agree and present to the Court a schedule for the litigation-wide pretrial motions, followed by case specific motions.

The defendants have exercised their right to have the cases tried in the jurisdictions which would be the appropriate forum if they had been filed there originally or not transferred to this transferee court. As a consequence, the first two cases on the list of cases, which the Court has arranged in order of aspirational priority, are cases arising in this district. The Court "aspires" to the prioritization of order in which it has listed the cases, understanding that when it seeks a remand of each case by the Judicial Panel on Multidistrict Litigation (JPML) to its transferor district or "home" district, this judge has no control over when the case will be assimilated into the docket of the transferor judge or newly assigned judge, whichever the case may be. The undersigned judge will, to the extent his docket allows, offer to follow as many cases as possible, given the varying policies, likes, dislikes, customs, practices, and complexities associated with attempting to do that.

In its previous order, the Court directed that the first case be tried May 15, 2015.[2] The parties are directed to meet that deadline if possible. If the parties believe they cannot meet that deadline, the parties must seek an extension and present good faith reasons for requesting the same.

### III.  CONCLUSION

In light of the principles described herein, the Court's trial selections, listed in order of aspirational priority, are identified in Exhibit 1 attached hereto.

**IT IS SO ORDERED.**

Signed this 5th day of December, 2014.

Digitally signed by David R. Herndon
Date: 2014.12.05 14:52:48 -06'00'

**United States District Judge**

---

[2]  In accord with the trial selections attached hereto as Exhibit 1, the first case tried (presently set to begin on May 15, 2015) will be *Pamela Robertson v. Bayer Healthcare Pharmaceuticals Inc. et al* No. 3:11-cv-11202-DRH-PMF.