UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------- x

| | |
|---|---|
| **IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** : | 3:09-md-02100-DRH-PMF |
| : | MDL No. 2100 |
| ---------------------------------------------------------- : | |
| This Document Relates to: All Actions : | Judge David R. Herndon |
| : | |

---------------------------------------------------------- X

CASE MANAGEMENT ORDER NO. 71

I.  BACKGROUND

Early in this litigation, this Court entered Case Management Order 14 ("CMO 14") to establish two funds — one for fees and one for costs _ pursuant to the common benefit doctrine. As part of that earlier Order, CMO 14 §IV.D.3 required that, at the appropriate time, this Court appoint a Fee Committee. CMO 14 required that the Fee Committee be compromised as follows:

> At the appropriate time, this Court shall appoint a Fee Committee to make recommendations to this Court on the issues of how any money in the Yasmin/Yaz Fee and Expense Funds shall be distributed among Participating Counsel (the "Fee Committee"). The Fee Committee shall have seven members, unless 55% or more of the total filed cases are pending in federal court in which case the Fee Committee shall consist of 8 members. In the event that the Fee Committee consists of seven members, four of the seven members shall be appointed by Co-Lead and Liaison Counsel in the MDL, one member shall be appointed by Co-Lead and Liaison Counsel appointed by the state court in the California JCCP Litigation, one

1

member shall be appointed by Co-Liaison Counsel appointed by the state court in the Pennsylvania Coordinated Litigation, and one member shall be appointed by Liaison Counsel appointed by the state court in the New Jersey Coordinated Litigation. In the event that the Fee Committee consists of eight members, five of the eight members shall be appointed by Co-Lead and Liaison Counsel in the MDL, one member shall be appointed by Co-Lead and Liaison Counsel appointed by the state court in the California JCCP Litigation, one member shall be appointed by Co-Liaison Counsel appointed by the state court in the Pennsylvania Coordinated Litigation, and one member shall be appointed by Liaison Counsel appointed by the state court in the New Jersey Coordinated Litigation. Regardless of the number of members of the Fee Committee, each member of the Fee Committee shall only have one vote and each vote shall bear the same weight. A decision of the Fee Committee need only be made by a majority of votes. The Fee Committee shall determine on its own the most fair and efficient manner by which to evaluate all of the time and expense submissions in making its recommendation to this Court.

## II.   COMPOSITIION OF FEE COMMITTEE

It is the Court's judgment that now is the appropriate time for the Court to appoint a Fee Committee consistent with CMO 14.  The Court and the leadership groups from all four coordinated venues acknowledge that more than 55% of the filed cases were pending in the MDL proceeding.  Accordingly, pursuant to the terms of CMO 14 § IV.D.3, the Fee Committee shall consist of eight  members and five of the eight members shall be appointed by Co-Lead and Liaison Counsel in the MDL, one member shall be appointed by Co-Lead and Liaison Counsel appointed by the state court in the California JCCP Litigation, one member shall be appointed by Co-Liaison Counsel appointed by the state court in the Pennsylvania Coordinated Litigation, and one member shall be appointed by Liaison Counsel appointed by the state court in the New Jersey Coordinated Litigation.

2

**III.   FEE COMMITTEE NOMINATIONS**

The Court has received the following Fee Committee nominations from the MDL leadership and the respective state-court leadership (whom this Court has come to know well):

1. Michael S. Burg, Esq.    (MDL designee)
2. Michael A. London, Esq., (MDL designee)
3. Mark Niemeyer, Esq. (MDL designee)
4. Roger Denton, Esq. (MDL designee)
5. Michael Papantonio, Esq. (MDL designee)
6. Arnold Levin, Esq. (Pennsylvania state litigation designee)
7. Christopher Seeger, Esq.  (New Jersey state litigation designee)
8. Mark P. Robinson, Jr., Esq.  (California state litigation designee)

**IV.   APPOINTMENTS**

The Court has given due consideration to the nominations received and has independently considered each appointment to ensure that the attorneys who will serve on the Fee Committee are committed to this process and have an understanding of the work performed and the common benefit provided by that work.  Accordingly, the Court hereby appoints the following   individuals to serve as members of the Fee Committee:

1. Michael S. Burg, Esq.    (MDL designee)
2. Michael A. London, Esq., (MDL designee)
3. Mark Niemeyer, Esq. (MDL designee)

      4.      Roger Denton, Esq. (MDL designee)

      5.      Michael Papantonio, Esq. (MDL designee)

      6.      Arnold Levin, Esq. (Pennsylvania state litigation designee)

      7.      Christopher Seeger, Esq. (New Jersey state litigation designee)

      8.      Mark P. Robinson, Jr., Esq. (California state litigation designee)

The Court has selected these individual lawyers to serve on the Fee Committee based on their skill and experience. It is the expectation of the Court that the Fee Committee will use their experience, skills, and any all other means that are available and at their disposal to make every effort to come to an agreed upon allocation of common benefit fee and expense awards to all lawyers who performed common benefit work and who incurred common benefit expenses.

## V.    PROCESS AND SCOPE

In accordance with CMO 14, as well as the common benefit doctrine, the Court hereby authorizes the Fee Committee to establish its own processes to complete the task, but the Court anticipates that the Fee Committee will fully review, audit and otherwise vigorously and robustly analyze all of the common benefit time and expenses that have been submitted by lawyers and law firms who have worked for the common benefit. The Fee Committee shall review all time and expenses submitted for the venous injury cases and the gallbladder injury cases, but may, at its sole discretion elect to also include time and expenses submitted in connection with any arterial injury cases; and/or the common benefit work

performed and reimbursable expenses incurred with any arterial injury cases may be decided at a later time as part of a separate fund.

In carrying out its work, the Court encourages the Fee Committee to provide the opportunity for attorneys who have submitted common benefit time and expenses to be heard such that their contribution can be fully explained to and understood by the Fee Committee. Any such presentation shall focus on the actual contribution made and not the hours billed, which the Fee Committee already has access to. The Fee Committee should permit any law firm that wished to make such a presentation to do so either in writing and/or in-person. The Fee Committee is empowered to place reasonable limitations on such presentations so that it can complete its task in a timely manner. Such reasonable limitations shall include, but are not limited to, setting page limitations on written submissions, time limitations on presentations, and establishing a limited number of dates and locations for in-person presentations. It should go without saying that an individual law firm that wishes to make a presentation is doing so for its own benefit and not the common benefit.

While the Court encourages the Fee Committee to try and reach consensus, it also strongly encourages attorneys and law firms who have submitted common benefit time to recognize that not all time submitted must be considered equally and that not all time submitted conferred the same benefit, if any. In fact some time may be categorized as common detriment and even some time, while perhaps large in number, had very little overall impact on the outcome of the

litigation as compared to the lawyers (in both the federal and coordinated state court proceedings) who conducted key depositions, handled arguments at Court proceedings and prepared the substantial underlying briefing handled arguments/negotiations of CMOs, facilitated state-federal cooperation, prepared the case for trials through tendering of expert reports, summary judgment, *Daubert* (or the state court equivalent), all the pre-trial rulings this Court (or any coordinated state-court) issued in advance of the first trial (in both federal and coordinated state court); and, the actual trial preparation work (which was just 11 days out before a stay was issued for settlement purposes). Thus, while many attorneys surely contributed in various ways, there must be proper expectations for attorneys who simply submitted time that provided little or no common benefit. The Court notes that the Fee Committee recommendation shall focus on the quality of the work performed as well as the value conferred on all plaintiffs by the work generated and that simply multiplying a number of hours by an hourly rate is not the appropriate manner to assess the quality of the work and the value conferred.

    The Court does not intend to place a time limitation on when the Fee Committee must complete its work and submit its report and recommendation to the Court. However, the Court hopes to have a detailed report and recommendation from the Fee Committee in June 2015.

## VI. APPOINTMENT OF SPECIAL MASTER

In addition to the appointment of the Fee Committee, it is the Court's opinion that the operation of the Fee Committee will be aided by the appointment of a Special Master to assist and oversee the workings of the Fee Committee. On March 31, 2011, in CMO No. 30, the Court previously appointed Hon. Daniel Stack (Ret.) to serve as Special Master to oversee certain aspects of discovery pursuant to Rule 53 (and since then his powers have been expanded over additional aspects of discovery). By this Order, the Court hereby expands Special Master Stack's duties to include overseeing and assisting the Fee Committee in carrying out its duties, which shall include but not be limited to participation in the allocation process and any presentations made by attorneys who performed common benefit work. The Court also confers on Special Master Stack the power and duty to mediate any objections or other issues with this process with the goal of obtaining an agreed to allocation of the common benefit fees and expenses on a global basis. Also, in addition to the report and recommendation that the Fee Committee will submit to the Court, the Court hereby directs Special Master Stack to submit to the Court a report and recommendation relating to the award of common benefit fees and expenses. Special Master Stack is well-suited for this appointment because of his role in overseeing certain aspects of discovery in this litigation, his familiarity with the quality of the work performed by the lawyers involved, his familiarity with the type of work performed that made contributions to the common benefit, and his experience as a judge, mediator and special

master in other litigations. Special Master Stack shall issue a report and recommendation after completion of the work set-forth herein.

**IT IS SO ORDERED.**

Signed this 18th day of March, 2015.

Digitally signed by David R. Herndon
Date: 2015.03.18 14:37:37 -05'00'

**United States District Judge**

8