UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

This Document Relates to:  All Cases

CASE MANAGEMENT ORDER No. 73
Suspending Direct Filing

At the start of these proceedings, the Court adopted the parties' agreed order setting forth a direct filing procedure (CMO No. 9 Doc. 669). For the reasons discussed below the Court finds that the direct filing procedure is no longer warranted and is suspending the same.

Typically, after the JPML establishes an MDL, future cases involving the same subject matter ("tag-along" actions) are filed in the federal jurisdiction where venue and personal jurisdiction is appropriate. These tag-along actions are subsequently transferred to the MDL court by the JPML. Direct filing allows plaintiffs to bypass the tag-along transfer process and instead file cases directly in the MDL court.

Direct filing is a practice commonly adopted by MDL courts to promote efficiency and streamline the process associated with transferring "tag-along" actions. In the instant case, the parties submitted and the Court adopted a direct filing order (CMO 9) on February 18, 2010 (Doc. 669) (this order has been

amended several times and the operative order is Sixth Amended CMO 9 (Doc. 3171)). The order allowed plaintiffs to file actions directly in MDL 2100 without regard to venue (the defendants agreed not to challenge venue in any action filed in accord with the direct filing order). The order also provided directives pertaining to choice of law, service of process, and subsequent transfer of directly filed actions. The stated purpose of the direct filing order was as follows:

> In order to eliminate delays associated with transfer to this Court of cases filed in or removed to other federal district courts, and to promote judicial efficiency, any plaintiff whose case would be subject to transfer to MDL 2100 may file his or her case directly in the MDL Proceedings in the Southern District of Illinois.

(Doc. 3171 ¶ A).

On February 24, 2015, in accord with a request from this Court, the JPML issued an order suspending Panel Rule 7.1(a) and the transfer of further tag-along actions to MDL 2100. In addition, as explained in CMO No. 70, the Court expects to begin remanding viable cases to appropriate district courts for trial in the near future.

In light of the above, the direct filing procedure is no longer warranted. Accordingly, the Court is electing to suspend the direct filing procedure adopted in CMO 9. In this regard, the Court **ORDERS** as follows:

As of April 16, 2015, the direct filing procedure adopted by the Court is SUSPENDED. In other words, as of April 16, 2015, the Court is no longer endorsing the procedure of filing actions directly in the Southern District of Illinois without regard to the propriety of venue.

That being said, the Court cannot prohibit plaintiffs from filing actions in this venue. Accordingly, to the extent that defendants have objections to venue in relation to actions filed in this Court on or after April 16, 2015, such objections will have to be asserted by the defendants.

**IT IS SO ORDERED.**

Signed this 15th day of April, 2015.

Digitally signed by David R. Herndon
Date: 2015.04.15 16:01:30 -05'00'

**United States District Court**