UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) 3:09-md-02100-DRH-PMF ) ) MDL No. 2100 ) |

**This Document Relates to:**

**ALL CASES**

### CASE MANAGEMENT ORDER NO. 77
**Census of Claims**

This Order requires the registration of all filed cases and unfiled claims (collectively referred to herein as "Claims") that allege injury due to an arterial thromboembolism (an "ATE Injury") after use of drospirenone-containing oral contraceptives manufactured by Bayer or manufactured or marketed by Barr Laboratories, Inc. or Teva Pharmaceuticals USA, Inc. (collectively, "DCOCs").

This Order applies to all counsel who represents one or more plaintiffs in this Multidistrict Litigation No. 2100 ("Counsel").

The Court hereby orders the registration of Claims as follows:

1.  Primary Counsel (as defined below in Paragraph 2) shall register each and every Claim alleging an ATE Injury after use of DCOCs, in which they have an Interest (as defined below in Paragraph 3), whether (a) pending in this proceeding, (b) pending in any other jurisdiction or

tribunal in the United States, or (c) unfiled. All counsel subject to this Order shall list every claim alleging an ATE injury in which they have any interest on the Census.

2. If a case has been filed by one law firm, Primary Counsel shall be the Counsel of Record. If a case has been filed by multiple firms, the firms filing such a case shall designate one firm among them as Primary Counsel. All Counsel in this proceeding shall be responsible for ensuring that all Claims alleging an ATE Injury after use of DCOCs in which they have an Interest are registered by Primary Counsel in accordance with this Order, and shall coordinate with Primary Counsel to avoid duplicate registration of the same Claim by multiple Primary Counsel.

3. Counsel shall be deemed to have an "Interest" in a Claim alleging an ATE Injury after use of DCOCs if Counsel or any person affiliated with, or related in any way to, Counsel: (a) has an engagement or retainer agreement with a person to represent that person in relation to an alleged ATE Injury after use of DCOCs; (b) is listed as the Counsel of Record for a plaintiff in filed pleadings related to an alleged ATE Injury after use of DCOCs; (c) has entered an appearance for a plaintiff in any legal action related to an alleged ATE Injury after use of DCOCs; (d) would benefit directly or indirectly from any payment to settle any Claim connected with an alleged ATE Injury after use of DCOCs; or (e) otherwise has any financial interest of any kind whatsoever in any Claim related to an alleged ATE Injury after use of DCOCs.

4. Primary Counsel shall comply with this Order by 11:59 p.m. C.T. on August 7, 2015.

5. Primary Counsel shall register Claims by using the online Registration function provided by the Claims Administrator at www.yazofficialatesettlement.com, either by providing the information required by that function for each claim individually or by completing and uploading the Census Spreadsheet available at that website for this purpose. Primary Counsel shall not modify the format or fields required by the Census Spreadsheet. The Claims Administrator promptly shall make all registration information available to Lead Counsel for the Plaintiffs Steering Committee and Lead Counsel for the Defendants in Adobe pdf format and Excel format.

6. When registering Claims in accordance with this Order, Primary Counsel must certify, pursuant to 28 U.S.C. § 1746 and using the online function for this purpose, that all information provided to register claims is true, complete and correct, to the best of his or her knowledge. Submission of registration information under Paragraph 5 constitutes a representation to the Court that the information provided is true, complete and correct.  The information provided in response to this Order shall be based on a "good faith" belief of all facts then known to Claimant's Counsel, which in some instances may be derived solely from information provided by a Claimant or Claimant representative (if that is the only information in the possession of Claimant's Counsel at that

time), as opposed to a "good faith" belief derived from an independent review of medical records, if medical records in a particular case are not available for review at the time the information in response to this Order must be submitted.

7. The Court expects all Counsel to comply with this Order. Failure to meet the requirements of this Order by the deadlines set herein will subject non-compliant Counsel to a show cause hearing as to why they have not complied with this Order.

8. Appearing on the Census, as required by this Order, does not mean that any individual is in any way obligated to participate in the Settlement.

**IT IS SO ORDERED.**

Signed this 3rd day of August, 2015.

Digitally signed by David R. Herndon
Date: 2015.08.03 11:45:43 -05'00'

**United States District Court**