UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:  All Cases**

## CASE MANAGEMENT ORDER NO. 78
### Non-Participating ATE CMO

This Order applies to all Eligible Claimants as defined in the ATE Master Settlement Agreement (the "Agreement") executed on August 3, 2015 who elect not to participate in the voluntary ATE Resolution Program established pursuant to the Agreement (the "Resolution Program"), and all Plaintiffs with claims alleging an arterial thromboembolism of any kind ("ATE") filed in, removed to, or transferred to this MDL after the execution date of the Agreement.  This Order requires all such Plaintiffs to comply with certain preservation obligations and to produce certain specified information regarding their claim. Plaintiffs who represent themselves *pro se* in this proceeding shall be bound by the requirements of this Order and shall fully comply with all obligations required of counsel by this Order, unless otherwise stated.  As used

herein, the term "Plaintiff" shall refer only to plaintiffs who are subject to this Order unless otherwise specifically indicated.[1]

## I. PRESERVATION NOTICE REQUIREMENT

A. For all cases pending in this MDL as of the entry of this Order or filed prior to the applicable deadline to opt in to the Resolution Program (the "Opt-In Deadline") in which the Plaintiff has alleged an ATE and has elected not to participate in the Resolution Program, counsel for Plaintiff shall, no later than 10 days from the Opt-In Deadline send a written notice ("Notice") by registered-mail (with return receipt) to the following individuals or entities, advising that the individual or entity may have records relevant to the Plaintiff's claim in this MDL proceeding and that any records relating to the Plaintiff must be preserved pending collection by Plaintiff:

1. All pharmacies that dispensed any medication to the Plaintiff for the period from three (3) years prior to the date of the alleged injury in the case to the present (to the best of Plaintiffs recollection);

2. All physicians, medical facilities, other healthcare providers and/or other persons ("other providers") who prescribed any drospirenone-containing oral contraceptive ("DCOC") to the Plaintiff, or provided any samples of a DCOC to the Plaintiff; and

3. All physicians and/or other healthcare providers who treated Plaintiff for the period from three (3) years prior to the date of the alleged injury or any related injury to the present.

---

[1] If the claims of a Plaintiff subject to this Order relate to injuries allegedly suffered by another person, the term "Plaintiff" shall also include such other person as the context requires.

2

B. For all cases filed on or after the Opt-In Deadline alleging an ATE, after the case is docketed in this Court, counsel for Defendants shall serve upon counsel for Plaintiff (or if a Plaintiff is proceeding *pro se*, the Plaintiff) a copy of this Order. Within fifteen (15) days of receipt of notice of this Order from counsel for Defendants, counsel for Plaintiff (or if a Plaintiff is proceeding *pro se*, the Plaintiff) shall send a Notice by registered mail (with return receipt) to the individuals or entities listed in Paragraph A above, advising that the individual or entity may have records relevant to the Plaintiff's claim in this MDL proceeding and that any records relating to the Plaintiff must be preserved pending collection by Plaintiff.

C. Counsel for Plaintiff (or if a Plaintiff is proceeding *pro se*, the Plaintiff) shall serve a statement verifying that Notices were sent as required by this Order, listing the names and addresses of all individuals or entities to which Notices were sent, and providing copies of the Notices in accordance with the following schedule:

1. For all ATE cases pending in this MDL as of the entry of this Order or filed prior to the Opt-In Deadline, Plaintiffs shall serve the statement required by this Paragraph no later than thirty (30) days from the Opt-In Deadline.

2. For all ATE cases filed on or after the Opt-in Deadline, Plaintiffs shall serve the statement required by this Paragraph within thirty (30) days of receipt of notice of this Order from counsel for the Defendants.

3. Plaintiffs shall serve the statement required by this Paragraph by one of the following methods:

    a. By e-mail to yazsubmissions@shb.com; or

    b. By United States Mail or other carrier, post-marked on or before the deadlines set forth in this Paragraph (with return receipt) to the following: Jeffery Fields, Shook, Hardy & Bacon L.L.P., 2555 Grand Blvd., Kansas City, MO 64108.

  D. Plaintiffs subject to this Order who fail to fully comply with the requirements of Paragraphs A, B, and C above shall be provided notice of such failure by e-mail or fax from Defendants' counsel and shall be provided twenty (20) additional days to cure such deficiency ("Cure Period") to be calculated from the receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted unless agreed to by all parties. Defendants shall file a list with the Court of any Plaintiffs who fail to cure deficiencies within the Cure Period and whose cases should therefore be dismissed with prejudice. Plaintiff shall thereupon have thirty (30) days to respond and show good cause why the case should not be dismissed, and Defendants will have fourteen (14) days to reply. Any Plaintiff's failure to respond within the specified period shall lead to the dismissal of the Plaintiff's case with prejudice, the parties to bear their own costs, except for good cause shown.

  E. A Plaintiff who is subject to this Order may not seek to introduce into evidence at trial any document or information asserting usage of a DCOC (either dispensed by a pharmacy or provided to the Plaintiff as a sample), or asserting that a DCOC caused or contributed to an alleged ATE, if the Notice required by Paragraphs A or B above was not sent to the Plaintiff's pharmacy, physician, medical facility, other healthcare provider and/or other provider as required by this Order absent good cause shown. A Plaintiff who fails to act in

good-faith in compliance with this Order may also be subject to other sanctions or such orders deemed appropriate by this Court.

II. **DISCOVERY REQUIREMENTS**

    A.    All Plaintiffs alleging an ATE who elect not to participate in the Resolution Program shall produce the following documents and/or information:

1. A Plaintiff Fact Sheet ("PFS") and authorizations in the forms previously approved by the Court, unless Plaintiff has already served a PFS that complies with the requirements of Case Management Order No. 12, and all amendments thereto;

2. All pharmacy records regarding the dispensation of medication to the Plaintiff for the period from three (3) years prior to the date of the alleged ATE to the present;

3. All medical records relating to the Plaintiff from all healthcare providers listed in the PFS for the period from three (3) years prior to the date of the alleged ATE to the present; and

4. An Affidavit signed by the Plaintiff or his/her counsel (i) attesting that records have been collected from all pharmacies that dispensed drugs to, or for, the Plaintiff; (ii) attesting that all medical records described in subparagraph (3) above have been collected; and (iii) attesting that all records collected have been produced pursuant to this Order.

    B.    If any of the documents or records described in Sections II.A.2 and II.A.3 above do not exist, the signed affidavit by Plaintiff or Plaintiff's counsel shall state that fact and the reasons, if known, why such materials do not exist, and shall provide a "No Records Statement" from the pharmacy or healthcare provider.

C. Plaintiffs who are subject to the Order shall produce the items required in Sections II.A. and II.B. above in accordance with the following schedule:

1. For Plaintiffs with cases pending in this MDL as of the entry of this Order or filed prior to the Opt-In Deadline, the items required above shall be produced no later than sixty (60) days from the Opt-In Deadline.

2. For Plaintiffs with cases filed in or transferred to this MDL on or after the Opt-In Deadline, the items required above shall be produced within sixty (60) days of receipt of notice of this Order from counsel for the Defendants.

D. All Plaintiffs who are subject to this Order shall also produce expert reports in compliance with Federal Rule of Civil Procedure 26 as follows:

1. A Rule 26(a)(2) expert report on general causation concerning the alleged injury; and

2. A Rule 26(a)(2) case-specific expert report.

E. Plaintiffs who are subject to this Order shall produce expert reports required in Section II.D. above in accordance with the following schedule:

1. For Plaintiffs with cases pending in this MDL alleging they suffered an ATE event filed prior to the Opt-In Deadline, both the generic and case-specific expert reports described above shall be produced no later than ninety (90) days of the Opt-In Deadline.

2. For Plaintiffs with cases filed in or transferred to this MDL on or after the Opt-In Deadline, both the generic and case-specific expert reports shall be produced within ninety (90) days of receipt of notice of this Order from counsel for the Defendants.

F. Any Plaintiff who is subject to this Order who fails to comply with the requirements of Section II shall be given notice of such failure by e-mail or fax from Defendants' counsel and shall be provided twenty (20) additional days to cure such deficiency ("Cure Period") to be calculated from the receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted. Defendants shall file a list with the Court of any Plaintiffs who fail to cure deficiencies within the Cure Period and whose cases should therefore be dismissed with prejudice. Plaintiff shall thereupon have thirty (30) days to respond and show good cause why the case should not be dismissed, and Defendants will have fourteen (14) days to reply. Any Plaintiff's failure to respond to within the specified period shall result in automatic dismissal of the Plaintiff's case with prejudice, the parties to bear their own costs, except for good cause shown.

G. The preclusion of evidence or the imposition of any sanction pursuant to this Section shall apply only to the assertion of the claim that a DCOC caused an ATE injury and shall not apply to any other injury.

H. To the extent that this Order conflicts with any deadlines or provisions of any other Case Management Order, this Order shall govern.

III. **CERTIFICATION FOR CASES FILED AFTER THE OPT-IN DEADLINE**

For all cases alleging an ATE that is filed in or transferred to this MDL after the Opt-In Deadline, counsel for Plaintiff must serve a Certification as follows: (1) attesting that the Plaintiff had not retained counsel as of the Opt-In Deadline; (2) identifying the date on which counsel was retained by the

7

Plaintiff; and (3) certifying that counsel did not intentionally delay being retained by the Plaintiff for any reason, including but not limited to attempting to avoid the Opt-In Deadline for the Resolution Program.

The Certification required by this Section must be served on Defendants within seven (7) days of receipt of notice of this Order from counsel for the Defendants by one of the following methods:

> a. By e-mail to yazsubmissions@shb.com; or
>
> b. By United States Mail or other carrier, post-marked on or before the deadlines set forth in this Paragraph (with return receipt) to Jeffery Fields, Shook, Hardy & Bacon L.L.P., 2555 Grand Blvd., Kansas City, MO 64108.

Any counsel who fails to comply with the requirements of this Section shall be given notice of such failure by e-mail or fax from Defendants' counsel and shall be provided ten (10) additional days to cure such deficiency ("Cure Period") to be calculated from the receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted. If counsel fails to cure the deficiency within the Cure Period, Defendants may file a Motion to Show Cause why sanctions should not be imposed for failure to comply with this Order. Counsel shall thereupon have twenty (20) days to respond to the Motion and show good cause why sanctions should not be imposed.

## IV. **PENALTIES FOR FRAUD AND DECEPTION**

Any party and/or counsel for that party who submits false or misleading information, or otherwise attempts to satisfy the documentation requirements

8

of this Order through any form of deception, dishonesty or fraud, may be subject to appropriate sanctions, including monetary sanctions and costs, and dismissal with prejudice pursuant to Federal Rule of Civil Procedure 37.

**IT IS SO ORDERED.**

Signed this 3rd day of August, 2015.

Digitally signed by David R. Herndon
Date: 2015.08.03 11:47:27 -05'00'

**United States District Court**