UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

This Document Relates to:  All Cases

## CASE MANAGEMENT ORDER NO. 79
## Non-ATE Case Resolution CMO

### I.   General Provisions

1. All proceedings in MDL No. 2100 are stayed until further order of the Court other than proceedings expressly contemplated by this Order and Case Management Orders relating to the ATE Master Settlement Agreement dated August 3, 2015 ("ATE Master Settlement Agreement").  The Court may rule on any pending motions to dismiss during the pendency of the stay; however, all other rulings on pending motions are stayed.

2. For purposes of this Order:

    a. "Alleged Injury" means any injury that a plaintiff identifies as the basis for any claim in a complaint, Plaintiff Fact Sheet or any other filing, submission or response;

    b. "Bayer Defendants" means defendant Bayer HealthCare Pharmaceuticals Inc. and affiliated entities that have been named as defendants in any lawsuit pending in MDL No. 2100; and

1

      c. "DCOC" means any drospirenone-containing oral contraceptive.

3. Various provisions of this Order require plaintiffs to serve documents on or provide notice to the Bayer Defendants. Such service and notice pursuant to this Order should be provided by e-mail and by either registered mail (with return receipt) or overnight delivery service to:

> Jeffery Fields
> Shook, Hardy & Bacon L.L.P.
> 2555 Grand Blvd.
> Kansas City, MO 64108
> yazsubmissions@shb.com

## II. VTE Cases Subject to Further Settlement Negotiations

1. The Court recognizes that the parties have successfully negotiated the resolution of a large number of cases alleging venous thromboembolisms ("VTEs") and expects the parties to continue such negotiations.

2. Within 60 days after entry of this Order, counsel for any plaintiff who believes additional efforts to settle a particular VTE case may be productive will provide a list of such cases to Bayer. Bayer will have 30 days to respond with its view about whether additional settlement efforts would be productive.

3. In any case in which the parties both agree that additional settlement efforts would be productive, the parties shall have a period of 60 days to negotiate in good faith a settlement of the claim. With the agreement of Special Master Randi Ellis, the parties may agree to extend this period for negotiations by an additional 30 days.

4. If any claims subject to negotiations under this Section II have not settled at the conclusion of the negotiation period under Section II.3, those claims will be referred for mediation by Special Master Randi Ellis and, if mediation is unsuccessful, then the case will be subject to discovery and further litigation pursuant to further orders of the Court.

### III. Other Cases

1. The provisions of this Section III apply to all plaintiffs asserting any claim in MDL No. 2100, including in cases filed in, removed to, or transferred to this MDL after the date of this Order, other than (i) VTE plaintiffs subject to the negotiation provisions of Section II above and (ii) plaintiffs who are Eligible Claimants within the meaning of ATE Master Settlement Agreement or who otherwise allege an arterial thromboembolism and are subject to the Non-Participating ATE CMO.

2. No later than 50 days after the entry of this Order, defendants shall notify counsel for any plaintiff who may be subject to this Section that the provisions of this section should apply to that case and shall identify the case(s) by plaintiff's name and docket number. If a plaintiff disagrees, the parties will meet and confer about whether the case should in fact be subject to this Section. Any disputes shall be submitted to Special Master Randi Ellis for resolution within 21 days.

3. Unless the parties agree or either the Court or Special Master Randi Ellis orders otherwise, within 120 days after the entry of this Order, each plaintiff subject to this Section will provide by registered mail (with return

receipt) or overnight delivery service a notice that any records relating to the plaintiff must be preserved, pending collection, to all of the following entities:

    a. All pharmacies that dispensed any medication to the plaintiff (or other person who suffered the Alleged Injury) for a period from three years prior to the Alleged Injury to the present;

    b. All physicians, medical facilities, and other healthcare providers who prescribed or provided samples of any DCOC to the plaintiff (or other person who suffered the Alleged Injury); and

    c. All physicians, medical facilities and other healthcare providers who treated the plaintiff (or other person who suffered the Alleged Injury) for a period from three years prior to the Alleged Injury to the present.

4. Unless the parties agree or either the Court or Special Master Randi Ellis orders otherwise, within 120 days after entry of this Order, each plaintiff subject to this Section III will serve on the Bayer Defendants:

    a. Contemporaneous and complete medical records sufficient to show each Alleged Injury on which the plaintiff's claims are based;

    b. Contemporaneous and complete medical records sufficient to show use of a DCOC prior to each Alleged Injury;

    c. An updated and complete Plaintiff Fact Sheet and authorizations that comply with CMO No. 12, in response to

which defendants will serve a Defense Fact Sheet within 45 days;

d. All medical records in the plaintiff's possession relating in any way to the use of a DCOC and/or the Alleged Injury from any physician, medical facility, other healthcare provider or pharmacy;

e. A sworn certification by plaintiff's counsel or, if the plaintiff is proceeding *pro se,* by the plaintiff attesting that all medical records covered by Section III.4.d have been served on the Bayer Defendants and/or an explanation why any such records previously but no longer in the plaintiff's possession have not been served;

f. A sworn certification by plaintiff's counsel or, if the plaintiff is proceeding *pro se,* by the plaintiff attesting that the plaintiff has complied with Section III.3, including a list of the names and addresses of all entities to which the plaintiff provided notice under Section III.3, copies of the notices, and, once available, copies of return receipts or other proofs of delivery; and,

g. A case-specific expert report complying with Federal Rule of Civil Procedure 26(a)(2) on specific causation with respect to each Alleged Injury.

5. The claims of any plaintiff who does not comply with the requirements of Sections III.3 and III.4 within the applicable deadlines will be subject to a motion to dismiss with prejudice on the following schedule:

   a. Within 60 days after the expiration of the deadlines under Sections III.3 and III.4, the Bayer Defendants will file a motion with the Court identifying plaintiffs who have failed to comply with Sections III.3 and III.4 and provide notice to the individual plaintiff's counsel;

   b. Plaintiff shall have 14 days to file an opposition and the failure to do so will result in an automatic dismissal with prejudice;

   c. If a plaintiff does file and opposition within 14 days, the Bayer Defendants will have 14 days to file a reply.

6. The claims of any plaintiff who complies with the requirements of Sections III.3 and III.4 will be subject to discovery and further litigation pursuant to further orders of the Court.

**IT IS SO ORDERED.**

Signed this 3rd day of August, 2015.

Digitally signed by David R. Herndon
Date: 2015.08.03 11:49:00 -05'00'

**United States District Court**