UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

**ALL CASES**

### CASE MANAGEMENT ORDER NO. 80
### Census of Non-ATE Claims

This Court previously entered Case Management Order No. 79, which imposed certain deadlines on all cases that allege injury *other* than arterial thromboembolism ("ATE") (collectively referred to herein as "Non-ATE Injury"). To further the goals of CMO 79, this Order requires registration of all filed cases and unfiled claims (collectively referred to herein as "Claims") that allege a Non-ATE Injury after use of drospirenone-containing oral contraceptives manufactured by Bayer or manufactured or marketed by Barr Laboratories, Inc. or Teva Pharmaceuticals USA, Inc. (collectively, "DCOCs"). For the avoidance of doubt, the term Non-ATE Injury includes venous thromboembolism and all other injury types not subject to identification pursuant to CMO 77.

This Order applies to all counsel who represents one or more plaintiffs in this Multidistrict Litigation No. 2100 ("Counsel"). This Order shall be entered in this Court's master docket for MDL No. 2100 and counsel in individual cases that

7181154 v1

are part of this MDL shall further be notified electronically by Plaintiffs' Lead and Liaison Counsel appointed by this Court within twenty-four (24) hours.

The Court hereby orders the registration of Claims as follows:

1. Primary Counsel (as defined below in Paragraph 2) shall register each and every Claim alleging a Non-ATE Injury after use of DCOCs, in which they currently have an Interest (as defined below in Paragraph 3), whether (a) pending in this proceeding, (b) pending in any other jurisdiction or tribunal in the United States, or (c) unfiled. All counsel subject to this Order shall list on the Census every claim alleging a Non-ATE Injury in which they currently have any Interest.

2. If a case has been filed by one law firm, Primary Counsel shall be the Counsel of Record. If a case has been filed by multiple firms, the firms filing such a case shall designate one firm among them as Primary Counsel. All Counsel in this proceeding shall be responsible for ensuring that all Claims alleging a Non-ATE Injury after use of DCOCs in which they have an Interest are registered by Primary Counsel in accordance with this Order, and shall coordinate with Primary Counsel to avoid duplicate registration of the same Claim by multiple Primary Counsel.

3. Counsel shall be deemed to have an "Interest" in a Claim alleging a Non-ATE Injury after use of DCOCs if Counsel or any person affiliated with, or related in any way to, Counsel: (a) has an engagement or retainer agreement with a person to represent that person in relation to an alleged

1

Non-ATE Injury after use of DCOCs; (b) is listed as the Counsel of Record for a plaintiff in filed pleadings related to an alleged Non-ATE Injury after use of DCOCs; (c) has entered an appearance for a plaintiff in any legal action related to an alleged Non-ATE Injury after use of DCOCs; (d) would benefit directly or indirectly from any payment to settle any Claim connected with an alleged Non-ATE Injury after use of DCOCs; or (e) otherwise has any financial interest of any kind whatsoever in any Claim related to an alleged Non-ATE Injury after use of DCOCs.

4.  **Primary Counsel shall comply with this Order by 5 p.m. C.T. on Thursday, October 15, 2015**.

5.  Primary Counsel shall register Claims by completing a "Non-ATE Census Spreadsheet," the form of which is attached hereto as Exhibit A, and submitting it to Special Master Randi Ellis at ellis@pabmb.com and BHCP Liaison Jeremy Wieck at yaznonatecensus@shb.com. The "Census Spreadsheet" shall include the following information in an excel file format:

Column A:   Last Name of Claimant[1];

Column B:   First Name of Claimant;

Column C:   Date of Birth of Claimant;

Column D:   State of Residence;

Column E:   Zip Code;

Column F:   Product Used (Yaz, Yasmin, Ocella, Gianvi, Beyaz, Safyral, Other, or Unknown);

---

[1] For death claims included in the census, "Claimant" is the decedent.

      Column G:    Product Used Within 30 Days of Injury (Yes/No);

      Column H:    Injury Category (VTE, Non-ATE/Non-VTE Injury, or Unknown Injury);

      Column I:    Alleged Specific Injury (Blank if Unknown);

      Column J:    Date of Primary Injury;

      Column K:    Age at Primary Injury;

      Column L:    Injury Resulting in Death (Yes/No);

      Column M:    Name of Primary Law Firm Representing Claimant;

      Column N:    Filed Case (Yes/No);

      Column O:    Venue (MDL, CA, Phila, NJ, Other or N/A); and

      Column P:    Docket No. (Identify venue if "Other" venue selected).

Primary Counsel shall not modify the format or fields required by the Census Spreadsheet.

6. Submission of registration information under Paragraph 5 constitutes a representation to the Court that the information provided is true, complete and correct. The information provided in response to this Order shall be based on a "good faith" belief of all facts then known to Claimant's Counsel, which in some instances may be derived solely from information provided by a Claimant or Claimant representative (if that is the only information in the possession of Claimant's Counsel at that time), as opposed to a "good faith" belief derived from an independent review of medical records, if medical records in a particular case are not available for

3

7181154 v1

review at the time the information in response to this Order must be submitted.

7. The Court expects all Counsel to comply with this Order. The Special Master and the parties shall report to the Court regarding any Counsel who fails to comply with this Order. Subject to the limitations of the Court's jurisdiction, failure to meet the requirements of this Order by the deadlines set herein may subject non-compliant Counsel to a show cause hearing or an Order directing Counsel to respond.

8. Nothing in this Order is designed to restrict the practice of law or to prevent Counsel from being retained by future clients who allege injuries that would be covered by this Order. This Order is limited to the identification of claims alleging a Non-ATE Injury in which they currently have any Interest as defined in Paragraph 3 above.

**IT IS SO ORDERED.**

Signed this 5th day of October, 2015.

Digitally signed by David R. Herndon
Date: 2015.10.05 09:16:42 -05'00'

United States District Judge

7181154 v1