UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ(DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

This Document Relates to:  All Cases

CASE MANAGEMENT ORDER NO. 83
Schedule for Further Proceedings in Cases Subject to CMOs 78 and 79

I.   Introduction

On August 3, 2015, the parties announced a settlement program for arterial thromboembolism ("ATE") cases and this Court entered Case Management Orders No. 78 and No. 79 to govern further proceedings in cases not participating in that settlement program.

CMOs No. 78 and No. 79 grouped cases into three categories:

(1) CMO No. 78 established certain preservation and discovery obligations for plaintiffs with ATE claims who opted not to participate in the settlement program but wish to continue litigating their claims ("**Non-Participating ATE Cases**");

(2) Section II of CMO No. 79 required further settlement negotiations in venous thromboembolism ("VTE") cases in which both parties agreed that further negotiations were likely to be productive ("**Negotiation Track VTE Cases**"); and

(3) Section III of CMO No. 79 established certain preservation and discovery obligations for all other plaintiffs who wish to continue litigating their claims, including plaintiffs with VTE claims for which there was not an agreement that continued negotiations were likely to be productive and plaintiffs alleging injuries other than a VTE or an ATE ("**Other Cases**").

The CMO compliance deadlines for Non-Participating ATE Cases and Other Cases have largely passed, and negotiations and mediations in Negotiation Track VTE Cases have begun to conclude. Accordingly, this Order establishes a schedule for the efficient progress of those cases to be prepared for trial. All such work-up shall be conducted before this Court prior to the Court entertaining any motion for remand.

Additionally, in light of the status of this MDL, which includes (a) that thousands of cases have been successfully resolved, (b) that on February 24, 2015 the JPML issued an order suspending the transfer of further tag-along cases to this MDL on April 15, 2015 this Court entered Case Management Order No. 73 suspending the direct filing provisions of Case Management Order No. 9, and (c) that this MDL is approaching conclusion, the Court intends to enter an order addressing an organized manner for the conclusion of this MDL after consultation with the court-appointed leadership for the PSC and counsel for Bayer.

2

## II.     The Effective Date for the Schedule in Individual Cases

In the cases subject to this Order, listed below, the schedule for further proceedings shall run from the date of this Order, which shall be the "Effective Date":

- *Courtney Blasius v. Bayer HealthCare Pharmaceuticals, Inc., et al.*, No. 3:10-cv-10797-DRH-PMF[1]

- *Gwendolyn Bryant, et al. v. Bayer HealthCare Pharmaceuticals, Inc.*, et al., No. 3:12-cv-10181-DRH-PMF[2]

- *Shala Burroughs v. Bayer HealthCare Pharmaceuticals, Inc., et al.*, No. 3:12-cv-11454-DRH-PMF[3]

- *Carleton Evans, et al. v. Bayer HealthCare Pharmaceuticals, Inc., et al.*, No. 3:10-cv-11481-DRH-PMF[4]

- *Susan Galinis, et al. v. Bayer Corp., et al.*, No. 3:09-cv-20079-DRH-PMF[5]

- *Walter Hamilton, et al. v. Bayer Healthcare Pharmaceuticals, Inc.*, No. 3:11-cv-13465-DRH-PMF[6]

- *Fawn Ligon v. Bayer Corp., et al.*, No. 3:14-cv-20004-DRH-PMF[7]

- *Albert Moliere, et al. v. Bayer Corp., et al.*, No. 3:10-cv-20037-DRH-PMF[8]

- *Janet Pratt v. Bayer HealthCare Pharmaceuticals, Inc., et al.*, No. 3:10-cv-10773-DRH-PMF[9]

---

[1] Plaintiff is represented by Burg Simpson Eldredge Hersh & Jardine, P.C.

[2] Plaintiff is represented by Weitz & Luxenberg, P.C.

[3] Plaintiff is represented by Weitz & Luxenberg, P.C.

[4] Plaintiff is represented by Burg Simpson Eldredge Hersh & Jardine, P.C.

[5] Plaintiff is represented by Gibbs law Group LLP and Danko Meredith.

[6] Plaintiff is represented by Douglas & London, P.C.

[7] Plaintiff is represented by Viles and Beckman, LLC.

[8] Plaintiff is represented by Douglas & London, P.C.

- *Jeanine Zecca v. Bayer Corp., et al.*, No. 3:12-cv-11091-DRH-PMF[10]

For any other Non-Participating ATE Case or Other Case that subsequently comes into substantial compliance with the requirements of CMOs No. 78 and No. 79, the parties will promptly so advise the Court and the Effective Date will be the date on which the Court then enters a minute order establishing the Effective Date for that case.

For any Negotiation Track VTE Case that does not settle, the Effective Date will be the date on which the Court enters a minute order establishing the Effective Date for that case, based on the Special Master's recommendation that, after exhausting all efforts and mediating with the Special Master, further settlement negotiations would not be productive at that time.

### III.   Schedule for Remaining Cases under CMOs 78 and 79

For every case subject to this Order:

1. The stay imposed by Paragraph I.1 of CMO No. 79 is lifted as of the Effective Date.

2. If not already provided under CMOs No. 78 or No. 79, plaintiffs will serve updated authorizations and an updated and current Plaintiff Fact Sheet compliant with CMO No. 12 no later than 14 days after the Effective Date.

3. If not already provided under CMO No. 79, defendants will serve an updated and current Defendant Fact Sheet compliant with CMO No. 18 no later than 30 days after service of an updated Plaintiff Fact Sheet.  Defendants'

---

[9] Plaintiff is represented by Weitz & Luxenberg, P.C.

[10] Plaintiff is represented by G. Oliver Koppel & Associates.

obligations with respect to a Defendant Fact Sheet and document production under CMO No. 18 shall be limited to the healthcare providers identified in the most current Plaintiff Fact Sheet as of 14 days after the Effective Date.

4. Case-specific fact discovery may commence immediately after the Effective Date and shall conclude 150 days after the Effective Date. Parties must identify any witness they intend to depose no later than 30 days before the conclusion of case-specific fact discovery in a case. The provisions of CMO No. 70 regarding efforts to schedule of physicians' depositions shall apply. *See* CMO No. 70 at 11-12.

5. Plaintiffs' additional case-specific expert reports under Rule 26(b)(2), if any, shall be served no later than 30 days after the conclusion of case-specific fact discovery.

6. Defendants' additional case-specific expert reports under Rule 26(b)(2), if any, shall be served no later than 30 days after the deadline for plaintiffs' case-specific expert reports.

7. Plaintiffs' rebuttal expert reports, if any, shall be served 10 days after the deadline for Defendants' case-specific expert reports.

8. Expert depositions, to the extent either party seeks this discovery, shall be taken following receipt of all expert reports in the given case and shall conclude 30 days after the deadline for plaintiff's rebuttal expert reports.

9. *Daubert* motions and dispositive motions, if any, shall be filed no later than 14 days after the conclusion of expert discovery, with response briefs due 30 days later.

10. No later than 14 days after the conclusion of expert discovery, the parties to each case shall also jointly advise the Court of the district to which the case shall be remanded or transferred pursuant to Paragraph II.C of CMO No. 9.

11. After meeting and conferring and, if unable to reach an agreement, consulting with Special Master Randi Ellis, any party may ask the Court to modify any of the above deadlines, either to extend or shorten them.

12. None of the above provisions precludes any party from making a settlement demand or settlement offer, which the Court expects the parties to evaluate and negotiate in good faith. The parties are encouraged to attempt to resolve any remaining cases and either mediate or negotiate in good faith.

13. No discovery shall be permitted except as specifically contemplated in the above schedule without prior leave of the Court.

**IT IS SO ORDERED.**

Signed this 25th day of April, 2016

Digitally signed by Judge David R. Herndon
Date: 2016.04.25 09:45:35 -05'00'

_____
Honorable David R. Herndon
United States District Judge