IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION, | Case No. 3:09-MD-02100-DRH<br><br>MDL No. 2100 |

# CASE MANAGEMENT ORDER

On November 20, 2018, now-retired District Judge David Herndon entered CMO 85 winding down this MDL, but required certain ongoing duties of Plaintiffs' Liaison Counsel primarily related to the administration of the distribution of common benefit funds. (*See* Doc # 4234 *generally*). From the date of CMO 85 through the present time, Bayer has continued to make contributions to the common benefit funds as cases are resolved and paid and Plaintiffs' Liaison Counsel, in conjunction with the Court appointed CPA and Bank, has made *pro rata* distribution of common benefit funds pursuant to orders of this Court.

This Court has been advised by the Special Master, after consultation with counsel for Bayer and Plaintiffs' Liaison Counsel, that all the common benefit fees and expenses have been deposited into the common benefit funds.[1]

Accordingly, this Court orders as follows:

---

[1] There remain two settlements that have not been paid. The amount of common benefit fees associated with these cases are *de minimis* and less than the costs associated with the administration of the common benefit funds.

1. Bayer's obligations pursuant to CMO 14 (Doc. 1042) to deposit portions of any settlements into the common benefit funds shall terminate as of December 31, 2020.

2. Plaintiffs' Liaison Counsel, in conjunction with the CPA and Bank, shall make one last *pro rata* distribution of common benefit funds as provided in CMO 85. Open completion of these distributions, Plaintiffs' Liaison Counsel is discharged of all duties provided in this order as well as those duties provided in previous orders of this Court.

3. The CPA and Bank shall be compensated out of the common benefit funds, and shall pay all other expenses of administration, including any income tax liability. In addition, Plaintiffs' Liaison Counsel shall be reimbursed for the administration of the common benefit distributions, maintenance and storage of the MDL files, and any other incurred expenses. Plaintiffs' Liaison Counsel shall close the PSC account and those remaining funds shall be used to reimburse Plaintiffs' Liaison Counsel for his continued work as required by CMO 85 and this CMO 86. Upon finishing the final administration of the common benefit accounts, the CPA and Bank shall be discharged of all duties provided in this order, as well as previous orders of this Court and shall close the common benefit accounts.

4. To the extent not previously completed, Plaintiffs' Liaison Counsel shall destroy all documents in the PSC's depository, deposition transcripts, work product, as well as all related files created in this MDL.

**IT IS SO ORDERED.**

**DATED:  December 23, 2020**

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**